Nathan **RICHMAN**, Administrator, Plaintiff, Appellant,

v.

**GENERAL MOTORS CORPORATION**, Defendant, Appellee.

No. 7718.

United States Court of Appeals, First Circuit.

Feb. 3, 1971.

James W. Kirk, Boston, Mass., with whom John J. Perenyi, Brockton, Mass., was on the brief, for appellant.

Timothy H. Donohue, Boston, Mass., with whom Hale, Sanderson, Byrnes & Morton, Boston, Mass., was on the brief, for appellee.

Before McENTEE and COFFIN, Circuit Judges, and JULIAN, District Judge.*

McENTEE, Circuit Judge.

Plaintiff's intestate, while driving her 1964 Chevrolet Corvair in the wrong direction on a divided highway in Brighton, Massachusetts, collided with another car coming in the opposite direction. The impact of the collision allegedly thrust the Corvair's steering rod and column into her heart, as a result of which she died. In this diversity action, plaintiff claims that but for the defendant manufacturer's negligent design of the 1964 Corvair, particularly the steering rod and column, his intestate would not have lost her life in this accident. As will presently appear, however, the liability aspects of this case are not directly before us for decision on this appeal.

Suit was brought in the district court on January 13, 1969. In due course the defendant answered, and between June 1969 and May 1970 the parties propounded written interrogatories to each other. On May 8, 1970, the court notified both parties to appear on May 20 for assignment of a trial date. Neither the plaintiff's trial attorney nor the plaintiff himself, who was also an attorney, appeared on the 20th and the court dismissed the suit for failure to appear and prosecute. It later appeared that the plaintiff was out of the country on May 20 and that his trial attorney had not entered his appearance in the case until June 30, 1970, and hence had not received the May 8 notice. When plaintiff returned to this country on June 1, he immediately filed a motion to vacate the dismissal, setting forth as his

---

*Sitting by designation.

reasons (1) mistake and inadvertence of his trial counsel, (2) that he had a meritorious cause of action, and (3) that he would suffer irreparable harm if the order were not vacated.[1] A hearing was held on this motion on July 2, at which plaintiff represented to the court that he had substantial engineering data and expert testimony indicating that, because the design of the Corvair steering shaft was faulty, a frontal collision would project the steering post towards the operator. On July 9 the court vacated the dismissal and on the following day sent the parties a notice of trial for Monday, August 24, 1970. On August 20 plaintiff obtained twelve subpoenas from the clerk of court but on the following day filed a "Request for a Conference" representing to the court that a situation had arisen which should be brought to its attention prior to August 24, 1970. He also requested that all counsel be given an opportunity to confer with the court at its convenience. It appears that this was done with the knowledge and approval of defendant's attorney. The court, however, refused to confer with counsel as requested, whereupon plaintiff filed a formal motion to continue the case for trial to a day certain in November. In it, plaintiff recited that he had engaged three experts to testify to the chief issues in the case, namely, the defective design of the Corvair and the extent of the injuries plaintiff sustained by reason of said defective design;[2] that upon receipt of notice of trial, he had made numerous unsuccessful efforts to contact these experts until August 17 when he learned for the first time that none of them would be available for trial on August 24. When the case was called on the 24th, plaintiff's attorney asked to address the court on the motion for a continuance. That request was summarily denied as was the motion for a continuance, and the court dismissed the case.[3] From this dismissal, plaintiff appeals.

1. Any new action would have been barred by the statute of limitations, which had long since run.

2. In oral argument, plaintiff represented to this court that he had engaged these experts a year before.

3. "Mr. Kirk: May I address the Court?
"The Court: On what?
"Mr. Kirk: On the motion for a continuance.
"The Court: The motion for continuance is denied.
"Mr. Kirk: Will you hear me, your Honor? We have certain reasons in addition to the written reasons that we gave you to present.
"The Court: If you have reasons in addition to the written reasons, you must put them in writing.
"Mr. Kirk: If your Honor please, we would like the Court's indulgence in going forward on this case.
"The Court: This case is reached for trial the second time. The last time no one appeared and the action was dismissed. On the representations made at the time the motion to restore the case to the trial list and to vacate the order of dismissal was filed, the Court considered the same and vacated your dismissal. At the same time the Court has set the case down for trial today. The case will go forward.
"Mr. Kirk: With your Honor's indulgence, at that time—
"The Court: I will not hear you further. Is the plaintiff ready to go forward?
"Mr. Kirk: No, we are not, your Honor, because we have—our witnesses can't be here.
"The Court: You will kindly hand to the Clerk all of the subpoenas that were taken out last week so that the Court may examine the returns on them.
"Mr. Kirk: None were made out, I am advised by my brother whose case it is.
"The Court: Unless the plaintiff is prepared to go forward forthwith, the action will be dismissed.
"Mr. Kirk: If your Honor please, it is a hardship.
"The Court: Is the plaintiff ready to go forward?
"Mr. Kirk: No, he is not.
"The Court: All right, the action is dismissed."
It is noted that defendant's attorney neither moved nor pressed for dismissal.

Under Fed.R.Civ.P. 41(b) as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such dismissal is within the court's sound discretion and will be reversed only upon a showing of an abuse of that discretion. In determining whether there has been such an abuse all pertinent circumstances must be considered. Dismissal is a harsh sanction which should be resorted to only in extreme cases. The court has a broad panoply of lesser sanctions available to it.[4] Moreover, the power of the court to prevent undue delays must be weighed against the policy of the law favoring the disposition of cases on their merits. Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 149 (3d Cir. 1968); Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 888 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir. 1967). Moreover, as stated by Judge Wisdom in Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967),

> " '[t]he sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion.' Durgin v. Graham, 1967, 5 Cir., 372 F.2d 130, 131. The decided cases, while noting that dismissal is a

discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff."

*See also* Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 914 (2d Cir. 1959). Finally, we note that "no precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such determination." *Davis, supra,* 378 F.2d at 103.

In light of the aforesaid guidelines we are of the opinion that the district court imposed too harsh a penalty on the plaintiff in dismissing his complaint in the circumstances of this case. To begin with, we cannot say that plaintiff's cause of action is necessarily lacking in substance.[5] At the time of the August dismissal nineteen months had elapsed since the complaint had been filed, but the district court's time had been little used and both parties were advancing the case. There is no indication that defendant's case has been harmed by the delay although, of course, defendant may have incurred expense in preparing to go to trial on August 24. In oral argument on appeal, plaintiff presented a satisfactory explanation for his actions in August 1970, *e.g.*, requesting subpoenas, etc. His account of his activities—or lack of them—between July 14 and August 24 shows that he was not contumacious. Yet the district court

---

4. *E. g.*, contempt, fines, conditional orders of dismissal, etc. *See generally* Waterman, An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed for the Purpose of Insuring Compliance with Pretrial Orders, 29 F.R.D. 420, 425–426 (1962); Note, 72 Yale L.J. 819, 830–32 (1963); *see also* Comment, 34 U.Chi.L.Rev. 922 (1967); Note, 51 Geo.L.J. 309 (1963); Note, 38 Notre Dame Lawyer 158 (1963).

5. *E. g.*, Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir. 1968); Grundmanis v. British Motor Corp., 308 F.

Supp. 303 (E.D.Wis.1970); Dyson v. General Motors Corp., 298 F.Supp. 1064 (E.D.Pa.1969); Mickle v. Blackmon, 252 S.C. 202, 166 S.E.2d 173 (1969); Restatement, Torts 2d § 398 (1965); *cf.* LeBlanc v. Ford Motor Co., 346 Mass. 225, 191 N.E.2d 301, 6 A.L.R.3d 83 (1963); Flaherty v. New York, N. H. & H. R. R., 337 Mass. 456, 149 N.E.2d 670 (1958); Thornhill v. Carpenter-Morton Co., 220 Mass. 593, 108 N.E. 474 (1915); *contra. e. g.*, Evans v. General Motors Corp., 359 F.2d 822 (7th Cir.), cert. denied, 385 U.S. 836, 87 S.Ct. 83, 17 L.Ed.2d 70 (1966).

summarily refused to confer with plaintiff or listen to why he could not go forward with the trial on August 24. Moreover, August 24 was actually the first time the case was reached for trial —not the second time, as the court originally stated. *See* note 3, *supra.*

In reaching our conclusion, however, we wish to make it clear that neither the plaintiff nor his attorney were free from fault in this matter. They were responsible in large measure for the predicament in which they found themselves in not having their experts available on the trial date. As a practical matter, we recognize that it is not easy for plaintiffs to obtain experts, especially in this type of case, and make them available even on six weeks notice during the summer months. Plaintiff represented during oral argument that he placed no less than ten telephone calls to his experts between July 10 and August 17 without reaching any of them personally. But we fault him for not acting more effectively. Although we feel that the able trial judge had reason to be impatient with plaintiff and his trial counsel, nevertheless we think that under the circumstances dismissal of the action was altogether too harsh and that the ends of justice would have been well served by imposing a lesser penalty. We have seen no case in which such a harsh penalty was imposed on similar facts. As stated in *Davis, supra,* 378 F.2d at 103: "A dismissal, with prejudice, is a harsh sanction and should be resorted to only in extreme cases. * * * The judge must be ever mindful that the policy of the law favors the hearing of a litigant's claim upon the merits."

*The judgment of the district court is reversed with instructions to reinstate the case to its status as of the time said judgment was entered. It is within the district court's discretion to impose reasonable sanctions upon the plaintiff or his attorney or both short of final disposition of the case.*