Eduardo ZAVALA SANTIAGO et al.,
Plaintiffs, Appellants,

v.

Alfredo GONZALEZ RIVERA et al.,
Defendants, Appellees.

No. 76-1034.

United States Court of Appeals,
First Circuit.

Submitted Dec. 15, 1976.

Decided April 21, 1977.

German A. Gonzalez, Caguas, P. R., and Manuel E. Moraza Choisne, Hato Rey, P. R., on brief, for appellants.

Emeterio Maldonado Guzman, Arecibo, P. R., on brief for appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

The sole issue presented in this case is whether the district court abused its discretion in dismissing plaintiff's suit for want of prosecution. On June 6, 1975, plaintiffs Eduardo Zavala Santiago and Juan A. Rivera Cosme, instituted an action under 42 U.S.C. § 1983 in which they alleged that defendants, the mayor and municipality of Arecibo, had discharged them by reason of plaintiffs' political activities on behalf of one element of the Popular party. The district court denied their request for a temporary restraining order, but because it believed that it was in the interest of all concerned for there to be a prompt decision on plaintiffs' request for injunctive relief, the district court commendably issued a "show cause" order which would ensure that a full hearing could occur on October 22, 1975.

The order scheduled a hearing for that date, and it established a timetable for the necessary pre-trial activities. It ordered the following: (1) that defendants be served with a copy of plaintiffs' complaint by June 27; (2) that defendants file their answer within 20 days of the date of service; (3) that plaintiffs submit affidavits of each of their witnesses by July 15; (4) that defendants file affidavits of their witnesses by August 4; (5) that the parties announce whether they intended to cross-examine any witnesses by August 18; (6) that the parties interchange documentary evidence by September 2; (7) that each side submit a pretrial order by September 15; (8) that plaintiffs submit their brief by September 30; and (9) that defendants submit their brief by October 15. The district court further scheduled a pre-trial conference before the United States Magistrate on October 9, at 9:30 a. m. The court could not have done more to establish a framework for the efficient processing of this litigation.

Unfortunately, it is painfully clear from the record that neither party was disposed to comply with either the letter or the spirit of the district court's order. Plaintiffs' complaint was served on June 24, but that was the only act which occurred within the time periods established by the show cause order. On July 10, four days before the answer was due, defendants requested a thirty day extension for the filing of their answer, and this request was granted by the clerk of the court on July 21. On August 29—after the answer had been due—defendants requested a second thirty day extension. The district court denied this request on September 9. On October 2, 1975, almost two months after the answer

had been due under the terms of the original extension order, defendants finally filed their answer. During the intervening period, neither side had taken any of the other steps required by the district court's show cause order.

October 9 was the scheduled date for the pre-trial conference. Defendants' counsel appeared, but plaintiffs' counsel neither appeared nor apprised the court that he would be unable to do so. The magistrate thereupon recommended that the action be dismissed for want of prosecution. The district court agreed that this course of action was proper. It found that plaintiffs' counsel's failure either to appear at the pre-trial conference or to excuse himself was utterly unjustifiable, and, noting both that it had been placed in a position in which it would be unable to try the case on October 22 and that, apart from serving the complaint on defendants, plaintiffs had failed to prosecute the suit in any manner, it entered the dismissal order. It further found that plaintiffs had filed the action in bad faith, and it awarded defendants' attorney fees of $200.

■■■ A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant. See Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 Wright & Miller, Federal Practice and Procedure § 2370 at 199. Because of the strong policy favoring the disposition of cases on the merits, see Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971), we, and federal courts generally, have frequently warned that dismissals for want of prosecution are drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion, determines that none

of the lesser sanctions available to it would truly be appropriate.[1] See Asociacion de Empleados v. Rodriguez Morales, 538 F.2d 915 (1st Cir. 1976); Richman v. General Motors Corp., supra. See also Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1972). But we have not hesitated to affirm dismissals of suits for want of prosecution in appropriate cases. See Pease v. Peters, 550 F.2d 698 (1st Cir. 1977); Asociacion de Empleados v. Morales, supra; cf. Luis Forteza e Hijos, Inc. v. Mills, 534 F.2d 415 (1st Cir. 1976).

■■■ Here, we observe that some of the factors which would counsel strongly in favor of an outright dismissal were not present. The case had only been pending for a short period, less than four months, before it was dismissed, and it occupied very little of the district court's time. We note also that the defendants were too guilty of dilatory conduct: failing to file their answer until October 2 and themselves taking none of the steps required by the show cause order. But we nevertheless are persuaded that it was not an abuse of discretion for the district court to resort to the ultimate sanction of dismissal.

We have noted our general view that, where an injunction is sought to obtain reinstatement in public employment, "it behooves the plaintiff to act promptly." Graffals Gonzalez v. Garcia Santiago, 550 F.2d 687 (1st Cir. 1977). While this language referred to the plaintiffs' obligation to file suit promptly, the equities of these lawsuits are such that diligent prosecution of any action that is filed is imperative. That plaintiffs initially recognized the need for expedition is clear from their request for a temporary restraining order. And quite apart from the nature of the claim, the district court's order should have impressed upon plaintiffs that the expeditious preparation of the litigation for trial was essential. When a claim for injunctive re-

---

1. Such sanctions include a warning, a formal reprimand, placing the case at the bottom of the calendar list, a fine, the imposition of costs or attorney fees, the temporary suspension of the counsel from practice before the court, and dismissal of the suit unless new counsel is secured.

lief deserves and is granted priority treatment, a reasonable inference from the delay of the moving party is that he has little interest in vindicating whatever rights he may have.[2]

We note plaintiffs' suggestion that defendants' dilatoriness excused plaintiffs' misconduct, but we are unimpressed. Plaintiffs had been ordered to file the affidavits of their witnesses by July 15. This duty was in no sense dependent upon the defendants' having filed their answer by that time.[3] Plaintiffs knew that they would have to make out a prima facie case of wrongful discharge and their failure to take the required step of submitting their witnesses' affidavits was quite simply unexcused and inexcusable. If they had filed their affidavits and complied with the other terms of the order to the extent feasible, they would either have stimulated a response from defendants or have placed plaintiffs in a position to appeal to the district court for appropriate relief. Moreover, while we think defendants' failure to file their answer was misconduct, albeit harmless, we can understand defendants' failure to produce the counter-affidavits and counter-statements required by the show cause order. The initial burdens of production were on plaintiffs; defendants were quite reasonable in believing that they had no duty to act until they were actually confronted with plaintiffs' proof.

Plaintiffs' disregard of the explicit court orders was, of course, not the only reason for the dismissal. The precipitating event was plaintiffs' counsel's failure either to appear at the pre-trial conference or properly to excuse himself. This was not only an unprofessional and discourteous act; it indicated plaintiffs' lack of interest in vindicating whatever rights they might have had. In spite of the scheduling efforts of the district court, this litigation had, to understate matters, become bogged down. The pre-trial conference thus provided the court and the parties with the most practicable opportunity to place the proceedings back on a track in which there could be a prompt hearing on plaintiffs' request for an injunction. The aborting of this opportunity placed the court back at square one.

Although dismissal is an extreme sanction, we think it appropriate here. Plaintiffs deliberately thwarted the scheduling efforts of the district court in a variety of ways, and quite apart from the fact that plaintiffs' misconduct suggested they were not interested in prosecuting their claim, we think the district court's action was also justified as a means of deterring others from frustrating the district court's well justified efforts at docket management and at ensuring the orderly progress of litigation. *Cf. National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 641, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Since plaintiffs do not challenge the award of attorney fees, it and the judgment of dismissal with prejudice are affirmed.

*So ordered.*

---

2. Although courts have been reluctant to impute the misconduct of plaintiffs' counsel to the plaintiffs in cases where there have been relatively short periods of unreasonable delay, *see Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *but see Link v. Wabash R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 & n. 10 (1962), we have less reluctance here where the nature of the claim suggested the need for expedition.

3. Under the terms of the show cause order, it was possible that defendants' answer might not be due until July 17, two days after plaintiffs were to file the affidavits of their witnesses. The district court therefore did not contemplate that the filing of the affidavits was dependent upon the defendants' having filed its answer.