**Joseph MEDEIROS, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

No. 80–1049.

United States Court of Appeals, First Circuit.

Argued April 9, 1980.

Decided May 28, 1980.

Roberta Edwards Kettlewell, Boston, Mass., with whom Carl J. Young and O'Neill & Young, P. C., Boston, Mass., were on brief, for plaintiff, appellant.

Carolyn S. Grace, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Circuit Judge, LOUGHLIN,* District Judge.

LOUGHLIN, District Judge.

The issue in this case is whether the district court judge abused his discretion in

---

* Of the District of New Hampshire, sitting by designation.

1. At the pretrial conference on October 22, 1979, the court stated, "I want you to fish or

dismissing plaintiff's action for lack of prosecution.

Plaintiff's complaint was filed on November 15, 1977 in the United States District Court for the District of Massachusetts pursuant to the Federal Tort Claims Act, 28 U.S.C., §§ 1346(b), 2671 *et seq.* alleging that he was injured in March, 1976 while an inmate at Allenwood Prison Camp in Montgomery, Pennsylvania.

On March 12, 1979 the case was assigned for trial on May 29, 1979. On May 21, 1979 the court granted plaintiff's motion to continue the trial of the case until October 23, 1979, and the court warned plaintiff to be ready to proceed at that time.[1] On October 22, 1979 the case was assigned for trial on November 19, 1979. On November 14, 1979, the plaintiff filed another motion for continuance which was denied by the court the following day, November 15, 1979. On November 19, 1979 the court called the case for trial. Plaintiff's counsel stated he was unable to proceed and the case was dismissed.

The basis for plaintiff's motion to continue on May 17, 1979 and again on November 14, 1979 was the representation that plaintiff's physician was recuperating from a heart attack. No effort was made to depose the physician, and not until sometime in November 1979 did plaintiff make any attempt to procure another physician. The neurologist subsequently contacted was unable to see plaintiff before the scheduled trial date.

Trial was estimated to last no more than one day. The Federal Judicial Workload Statistics for the twelve month period ending September 30, 1979 stated that the United States District Court for the Commonwealth of Massachusetts had a total of 10,956 civil cases pending and 283 criminal cases of which 219 were felony cases or a grand total of 11,239 cases.

While dismissal with prejudice is a severe sanction, at times it becomes necessary.

cut bait. This is a 1977 case." Counsel at oral argument, stated she had understood the court's meaning.

A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant. *See Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 Wright & Miller, Federal Practice and Procedure § 2370 at 199. Because of the strong policy favoring the disposition of cases on the merits, *see Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971), we, and federal courts generally, have frequently warned that dismissals for want of prosecution are drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate. *See Asociacion de Empleados v. Rodriguez Morales*, 538 F.2d 915 (1st Cir. 1976); *Richman v. General Motors Corp., supra. See also Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1972). But we have not hesitated to affirm dismissals of suits for want of prosecution in the appropriate cases. *See Pease v. Peters*, 550 F.2d 698 (1st Cir. 1977). *Asociacion de Empleados v. Morales, supra; cf. Luis Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415 (1st Cir. 1976).

*Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir. 1977) (footnote omitted).

Under Fed.R.Civ.P. 41(b) as well as under the inherent power of the court, a complaint may be dismissed with prejudice for want of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

"No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such determination." *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967).

Plaintiff relies on *Richman v. General Motors Corp.*, 437 F.2d 196 (1st Cir. 1971), in support of his argument that the district court abused its discretion in dismissing plaintiff's action. In that case the plaintiff had lined up three expert witnesses to testify on the chief issues of his action. While plaintiff received six weeks notice of the August trial date, he was unable, despite a number of attempts, to reach his experts during the first five weeks and did not learn until one week before trial that the experts would be unavailable on the date set for trial. Four days before trial, plaintiff moved for a continuance; the motion was denied and the action was dismissed. This court, on appeal, recognized the difficulties of securing experts' availability even on six weeks notice during the summer months, though it faulted plaintiff for not acting more effectively, and concluded dismissal was too harsh a sanction. Here, unlike the situation in *Richman* and *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1978), another case upon which plaintiff relies, the unavailability of plaintiff's expert was of a longstanding nature. Plaintiff had been informed as early as May 1979 of the physician's heart condition and had been granted one continuance already for that reason. Despite the court's warning to be ready to proceed to trial on the November trial date, plaintiff relied on the physician's being sufficiently recovered to testify and failed timely to arrange for an examination by another doctor. This is not a situation where plaintiff's expert had been his treating physician over a long period of time and was uniquely qualified to testify. No reason appears why plaintiff could not have consulted another neurologist and secured his services. While the conduct of plaintiff's counsel cannot be deemed contumacious, the record clearly shows an unreasonable delay by plaintiff's counsel without availing himself of pretrial discovery and depositions.

We are not of the opinion that the district court imposed too harsh a penalty on the plaintiff in dismissing his complaint in the circumstances of this case. At the time of the dismissal of the complaint on November 19, 1979 the defendant was ready for

trial, had subpoenaed a witness from Virginia, now retired on a medical disability and his future availability not assured, and had a neurologist ready to testify on the trial date. Considering all the circumstances of this case, the crowded docket in the United States District Court for the District of Massachusetts,[2] the continual pressure to move litigation, we find no abuse of discretion by the court.

*Affirmed.*

---

2. Over 1,100 cases per judge as of September 30, 1979.