**ENLACE MERCANTIL INTERNACIONAL, INC., Plaintiff, Appellant,**

v.

**SENIOR INDUSTRIES, INC., Defendant, Appellee.**

No. 87–1837.

United States Court of Appeals, First Circuit.

Heard March 10, 1988.

Decided June 7, 1988.

Fernando L. Gallardo with whom Woods & Woods, Hato Rey, P.R., was on brief for plaintiff, appellant.

Jorge I. Peirats with whom Edward M. Borges and O'Neill & Borges, Hato Rey, P.R., were on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

WISDOM, Senior Circuit Judge.

 Enlace Mercantil Internacional ("Enlace") alleges in its complaint that Senior Industries ("Senior") unlawfully terminated a distributorship agreement between the two companies. The issue in this case is whether the district court abused its discretion by dismissing the complaint for failure to prosecute. Enlace spent more than a year and a half attempting to repeat service of process on Senior. During this time, Senior's motion to quash Enlace's

_____

* Of the Fifth Circuit, sitting by designation.

original service remained under submission in the district court. Because of the district court's delay in deciding the motion to quash, we conclude that the sanction of unconditional dismissal was excessive and an abuse of discretion.

In late 1985, Enlace, a Puerto Rico corporation, sued Senior, an Illinois corporation, in the Superior Court of Puerto Rico, San Juan Part. Enlace served Senior by publication, as provided in Rule 4.5 of the Puerto Rico Rules of Civil Procedure.[1] Senior received the complaint and a summons at its Illinois headquarters on November 18, 1985.

Senior removed the case to federal court and filed a motion to quash service of process. Senior argued that Enlace's "Affidavit of Merit" was improperly phrased and thus failed to incorporate the complaint by reference under Puerto Rico law. In response, Enlace pointed out that the Superior Court had accepted the "Affidavit of Merit". Enlace also distinguished the various cases relied upon by Senior.

On January 15, 1986, the district court issued an order that relieved Senior of its deadline for filing an answer. At the same time, the district court ordered the clerk of court to decide the motion to quash. In June of 1986, the chief deputy clerk of court wrote the word "moot" on the last page of the court's copy of the motion. This ruling was never entered on the docket sheet, never reviewed by the district judge, and never announced to the parties. Moreover, because Enlace failed to effect service of process under the Federal Rules, the chief deputy clerk's mootness determination is plainly incorrect. For these reasons, we conclude that the motion to quash was still pending at the time the district court dismissed the case.[2]

The motion to quash raised a legal issue that apparently requires further research. On January 17, 1986, Enlace requested permission—"without prejudice of its rights under the first service"—to serve Senior under Fed.R.Civ.P. 4. The chief deputy clerk granted this request and issued the appropriate summons. As a time-saving device, however, the idea of a second service failed.

Enlace first attempted to enlist the assistance of the U.S. Marshall's office in Chicago. After some confusion about the need for a court order, counsel for Enlace decided instead to employ a private process server. Enlace filed a motion asking the court to designate a process server named Sheldon Weinstein. On June 19, 1986, the district court granted the motion, but failed to sign the proposed order submitted by Enlace. Senior contends that the court's "footnote order" was sufficient to permit service. In any event, Enlace neither attempted service nor clarified the matter with the clerk of court.

In December 1986, Enlace petitioned the court for a new summons and an order specifically naming Weinstein. This time Senior opposed the motion and requested that the case be dismissed. The court granted Enlace's motion in February, and the clerk issued the new summons—but not the requested designation. In July Enlace asked the court to order the clerk to designate Weinstein as process server. Again Senior opposed the motion and requested dismissal for failure to prosecute. On July 28, 1987, the district court dismissed Enlace's complaint with prejudice.

Fed.R.Civ.P. 41(b) authorizes a district court to dismiss a case with prejudice to punish a plaintiff for failure to prosecute. Rule 41(b) is one manifestation of the ancient and inherent power of a trial judge "to achieve the orderly and expeditious dis-

---

1. Enlace first submitted an "Affidavit of Merit" to the Superior Court. The court accepted this affidavit and issued an order recognizing the legal sufficiency of Enlace's complaint. This order permitted Enlace to publish an edict in Puerto Rico notifying Senior of the existence of the lawsuit. In addition, Enlace sent the complaint and a summons to Senior's headquarters by registered mail.

2. In every motion it has filed since January 1986, Enlace has made at least some reference to the unadjudicated status of Senior's motion to quash. We therefore reject Senior's suggestion that Enlace has waived whatever rights it may have under the pre-removal service of process.

position of cases".[3] In appropriate circumstances the decision to dismiss is discretionary and "should be sustained on appeal in the absence of abuse".[4]

▮ At the same time, we have frequently observed that unconditional dismissal with prejudice is a "harsh"[5] and "severe"[6] sanction that runs counter to our "strong policy favoring the disposition of cases on the merits".[7] As a result, we have gradually developed two independent limitations on the use of dismissal as a penalty for delay. First, dismissal is an option only when the plaintiff's misconduct is "extreme".[8] Second, dismissal should be employed only after the district court has determined "that none of the lesser sanctions available to it would truly be appropriate".[9]

▮ We recently considered the meaning of "extreme" misconduct for purposes of a Rule 41(b) dismissal. In *Cosme Nieves v. Deshler* we stated that

> [i]n all the cases in which we have upheld a dismissal for want of prosecution, we have found either extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warn-

ings, contumacious conduct, or some other aggravating circumstance.[10]

Other aggravating circumstances include prejudice to the defendant,[11] glaring weaknesses in the plaintiff's case,[12] and the wasteful expenditure of a significant amount of the district court's time.[13] Unless the district court explicitly limits its rationale for dismissing the case, it is proper in reviewing for "extreme" misconduct to consider all of the aggravating circumstances together.[14]

In this case, while attempting a second service of process, Enlace allowed more than eighteen months to pass without obtaining results that would permit the case to proceed.[15] Enlace was on notice of the potential for sanctions under Rule 41(b) at least as early as December 1986, when Senior filed its first motion to dismiss. Even if Enlace's counsel correctly assumed that use of the "footnote order" would provoke a time-consuming challenge from Senior, we see no reason to excuse Enlace from its failure to clear up this matter in over a year. Our adversarial system relies in large part upon the initiative of the parties. The record in this case shows that from June to December of 1986 and from

---

**3.** *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962).

**4.** *Pease v. Peters,* 550 F.2d 698, 700 (1st Cir. 1977).

**5.** *Id.,* at 700.

**6.** *Medeiros v. United States,* 621 F.2d 468, 470 (1st Cir.1980).

**7.** *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710, 712 (1st Cir.1977).

**8.** *See, e.g., Pease v. Peters,* 550 F.2d at 700; *Richman v. General Motors Corp.,* 437 F.2d 196, 199 (1st Cir.1971).

**9.** *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d at 712.

**10.** 826 F.2d 1, 2 (1st Cir.1987).

**11.** *United States Investment and Development Corp. v. Cruz,* 780 F.2d 166, 168 (1st Cir.1986).

**12.** *See Briehler v. Sylvia's Inc.,* 106 F.R.D. 415, 419 (D.R.I.), *aff'd,* 774 F.2d 1149 (1st Cir.1985),

cert. denied, 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 719 (1986); *cf. Richman v. General Motors Corp.,* 437 F.2d at 199 ("we cannot say that the plaintiff's cause of action is necessarily lacking in substance").

**13.** *Cf. Richman v. General Motors Corp.,* 437 F.2d at 199 (dismissal reversed when "the district court's time had been little used").

**14.** *Link v. Wabash Railroad Co.,* 370 U.S. at 633–36.

**15.** Although the eighteen month lapse in this case was extreme, we reject Senior's conclusory assertion of prejudice. Unlike the appellee in *Anderson v. Air West, Inc.,* 542 F.2d 522 (9th Cir.1976), Senior has not missed key defense strategy planning sessions as a result of the delay. Since the time of removal, Senior has been aware of both the existence of a lawsuit and the nature of Enlace's claims. The mere possibility that Senior may still have to defend itself in court does not, of course, constitute "prejudice". *See Link v. Wabash Railroad Co.,* 370 U.S. at 646 n. 12, 82 S.Ct. at 1397 n. 12 (Black, J., dissenting).

January to July of 1987, Enlace essentially did nothing at all.

As noted above, however, our cases in this area suggest a second restriction on dismissal for failure to prosecute. Dismissal should be ordered only when the district court "determines that none of the lesser sanctions available to it would truly be appropriate".[16] A district court has a "broad panoply of lesser sanctions" from which to choose.[17] For this reason, although we will not hesitate to affirm the unconditional dismissal of an incurably dilatory plaintiff, we have often cautioned district judges to consider alternative penalties. Only in rare instances will these penalties prove inadequate.[18]

In view of the district court's failure to decide the motion to quash, we conclude that unconditional dismissal in this case was excessive and an abuse of discretion. As long as the district court kept the motion to quash under submission, counsel for Enlace had reason to hope for a favorable ruling that would make it unnecessary to repeat service of process. The record in this case leaves open the possibility that Enlace was inactive because of uncertainty concerning the status of the pre-removal service. In these circumstances an unconditional dismissal that may not be necessary is excessive.

A more appropriate sanction in this case is a conditional dismissal that bars Enlace from further efforts to serve Senior under the Federal Rules.[19] The validity of the original service under Puerto Rico law remains to be adjudicated by the district court.[20] At no time did Enlace waive its right to proceed on the original service. If that service was legally sufficient, Enlace's lawsuit against Senior must be permitted to proceed.

For the foregoing reasons, the judgment of the district court is modified and the case is remanded to the district court.

16. *Zavala–Santiago v. Gonzalez Rivera*, 553 F.2d at 712; *cf. Colokathis v. Wentworth–Douglass Hosp.*, 693 F.2d 7, 10 (1st Cir.1982) ("[h]ere we see no less drastic sanction that would have served to prevent ... further delay").

17. *Richman v. General Motors Corp.*, 437 F.2d at 199.

18. *Asociacion de Empleados v. Rodriguez Morales*, 538 F.2d 915, 917 (1st Cir.1976).

19. *Cf. Richman v. General Motors Corp.*, 437 F.2d at 199 n. 4.

20. Because of the doubtful legal issues surrounding the extent to which Enlace's "Affidavit of Merit" incorporated the complaint by reference, we conclude that Senior's motion to quash should be ruled upon by the district judge, and not by the clerk of court.