March 9, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1742
No. 92-1743
No. 92-1744
No. 92-1745
No. 92-1746 

 WILLIAM M. TYREE, JR.,

 Plaintiff, Appellant,

 v.

 MICHAEL V. FAIR, ET AL.,

 Defendants, Appellees.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Torruella and Cyr, Circuit Judges.
 

 

William M. Tyree, Jr. on brief pro se.
 
Nancy Ankers White, Special Assistant Attorney General, and
 
Richard C. McFarland, Supervising Counsel, Department of Correction,
 
on Memorandum of Law in Support of Motion for Summary Disposition, for
appellees.

 

 

 Per Curiam. Appellant, William M. Tyree, Jr.,
 

currently is imprisoned in the Cedar Junction Massachusetts

Correctional Institute; he is serving a life sentence for

first-degree murder. On December 27, 1988, appellant was

transferred from Cedar Junction to the Old Colony

Correctional Center where he spent twenty-seven days in the

administrative segregation unit. On February 8, 1989,

appellant filed five separate complaints in the Massachusetts

district court concerning his prison status and his transfer

to and residence at Old Colony. The district court dismissed

all five actions for lack of prosecution. A brief

description of each action follows.

 I.
 

 1. Appellant alleges that when he was transferred

to Old Colony, prison officials refused to allow him to use

his television set with speakers; instead, he was required,

under regulations apparently promulgated in 1983, to use

earplugs or headphones. He claims that this rule was an ex
 

post facto violation of the United States Constitution
 

because appellant had been allowed the use of a television

set with speakers since the beginning of his incarceration in

1979. He also maintained that his civil rights were

infringed on the ground that the regulation did not contain

an exception that allowed hearing-impaired prisoners to use

television sets with speakers. In this action, the

 -2-

defendants were served with process. They filed their answer

in May 1989.

 2. Because appellant had enemies at Old Colony and

because Old Colony lacked a protection unit, appellant avers

that he was forced into administrative segregation for the

twenty-seven days he spent at Old Colony. During this time,

appellant claims that he was denied proper medical care.

Specifically, prison officials allegedly refused to allow

appellant to bring with him two knee braces he needed for

support. He further alleged that he did not receive

sufficient daily exercise and did not have access to a

"universal" weight machine. In addition to these complaints,

appellant states that the prison officials refused to ensure

that all of his mail was being sent out, that the transfer

made it difficult for him to receive visitors and that, after

"punching out" two glass windows, appellant was placed in the

"nut room" and threatened with the possibility of being

chained to the bed. None of the defendants named in this

action were served with process.

 3. Appellant states that while in the segregation

unit he did not have access, as did the prisoners in the

general population, to a footlocker in which to store his

personal belongings. He also claims that defendants used a

two-way window and an electronic eavesdropping sound gun to

monitor all of appellant's visits with outsiders. As in the

 -3-

previously described action, appellant failed to serve

defendants with his complaint.

 4. In the fourth complaint, appellant alleges that

in 1985 he was transferred to a higher security prison as the

result of allegations he had made concerning employee

discrimination in the Massachusetts prison system. Due to

his involvement in this matter, appellant asserts that he

became known as a legal and political troublemaker. He

charges that he made defendants aware of the fact that due to

the above allegations, he had enemies at Old Colony. He

again asserts that he needed to be placed in administrative

segregation at Old Colony -- the only place where he felt

safe. All of the defendants were served with process in this

action and they filed answers in May 1989.

 5. Appellant claims that under a prison

regulation, an inmate who refuses to transfer to a lower

security prison loses work privileges, is not permitted to

attend vocational, educational and other institutional

programs, and is not allowed to attend church. Appellant

asserts that he lost the above privileges due to his refusal

to transfer to a medium security prison. In this action,

appellant served the defendants and in 1990 sent requests for

admissions to them.

 -4-

 II.
 

 On March 11, 1992, the district court issued

notices in all five actions pursuant to Local Rule 41.1.

This rule provides:

 (a)(1) Whenever in any civil action
 the clerk shall ascertain that no
 proceeding has been docketed therein for
 a period of ONE (1) year, he shall then
 mail notice to all persons who have
 entered an appearance in such a case
 that, subject to the provisions of
 subsection (a)(3), the case will be
 dismissed without further notice thirty
 (30) days after the sending of the
 notice.

In response to this notice, appellant requested an eight-

month extension of time. He based this request on his

assertions that since the filing of the five actions in 1989

the Department of Corrections (DOC) had confiscated

appellant's legal papers and had failed to return them to

appellant, had opened appellant's legal mail, had denied him

access to the law library during "lock downs" and had made it

difficult for him to obtain typewriting materials.

 The district court denied appellant's motion and

dismissed the five actions. The court accepted as true

appellant's allegation that his legal files had been

confiscated. It nonetheless found that this did not

"satisfactorily explain" appellant's inaction and his failure

to communicate with the district court.

 -5-

 III.
 

 A district court's sua sponte power to dismiss an
 

action for want of prosecution is "'an inherent power,'

governed not by rule or statute but by the control

necessarily vested in the courts to manage their own affairs

so as to achieve the orderly and expeditious disposition of

cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-631
 

(1962) (footnote omitted). "[T]his power is necessary to

prevent undue delays in the disposition of pending cases,

docket congestion, and the possibility of harassment of a

defendant." Zavala Santiago v. Gonzalez Rivera, 553 F.2d
 

710, 712 (1st Cir. 1977). However, such dismissals are

"drastic sanctions, which should be employed only when the

district court, in the careful exercise of its discretion,

determines that none of the lesser sanctions available to it

would truly be appropriate." Id. (footnote omitted).
 

 We review sua sponte dismissals based on lack of
 

prosecution for abuse of discretion. Enlace Mercantil
 

Internacional, Inc. v. Senior Indust., Inc., 848 F.2d 315,
 

317 (1st Cir. 1988). In conducting this review, we must

examine all relevant circumstances. Asociacion de Empleados
 

del Instituto de Cultura Puertorriquena v. Rodriguez Morales,
 

538 F.2d 915, 916 n.2 (1st Cir. 1976). Among the pertinent

factors we consider are the history of the litigation, the

length and type of delay, the nature of the underlying

 -6-

claims, the possible prejudice to defendants and the presence

of an adequate excuse for a plaintiff's inaction. See
 

Carribbean Transp. Sys., Inc. v. Autoridad de las Navieras,
 

901 F.2d 196, 197 (1st Cir. 1990).

 Turning to the case at hand, we first note that in

two of the actions, appellant never made service of process

on the defendants named in the complaints. This in itself

suffices for a finding of lack of prosecution. See id. In
 

two out of the three actions in which service of process was

accomplished, appellant took no steps to further the progress

of the actions after the answers were filed in 1989. In the

one action where the proceedings did advance beyond the

filing of the defendants' answers, appellant sent requests

for admissions to the DOC in July 1990. Thus, by the time

the Local Rule 41.1 notice was sent in March 1992, appellant

had done nothing in four of the cases for almost three years

and in the fifth case for well over one year.

 A clear record of delay "measured in years," as in

the case at hand, will support a dismissal for want of

prosecution. See Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st
 

Cir. 1987). Appellant asserts on appeal that he did

"everything possible" to alert the DOC and the district court

to the problem of the missing legal files and interference by

prison officials with his personal papers and mail.

Specifically, he states that he filed a protective order in

 -7-

the district court in 1990. To support his position,

appellant refers to the first addendum to his brief. While a

review of the material included in addendum #1 indicates that

appellant pursued his complaints within the prison system,

there is no evidence that appellant contacted the district

court in any way to alert it to his difficulties. The only

reference to a protective order is in papers concerning

another action filed by appellant in the district court.

 We find appellant's excuse inadequate to explain

such long delays in the prosecution of these actions. In

light of appellant's knowledge in 1989 that he would have

difficulty in pursuing his complaints due to defendants'

alleged obstructive conduct, he was in a position to appeal

to the district court for relief. See Medeiros v. United
 

States, 621 F.2d 468, 470 (1st Cir. 1980) (where plaintiff
 

knew about unavailability of expert witness for approximately

five months prior to trial date and was, as a result, unable

to proceed on day of trial, dismissal warranted); Zavala
 

Santiago, 553 F.2d at 713 (initial burden to go forward is on
 

plaintiff and failure to alert district court to problems is

one factor supporting dismissal for failure to prosecute).

This is not a case where, although a significant amount of

time had passed between the filing of the complaint and the

dismissal for want of prosecution, the parties diligently

acted to advance the case. See Richman v. General Motors
 

 -8-

Corp., 437 F.2d 196, 199 (1st Cir. 1971) (where parties
 

actively pursued action, outright dismissal too harsh a

sanction). Rather, appellant essentially did nothing.

 In light of his ability, as the district noted and

appellant himself acknowledges, to pursue his other federal

actions, his inertia in these cases becomes less supportable.

Although appellant's conduct cannot be called contumacious,

it is plain that he has unreasonably delayed in advancing his

causes of action and in applying to the district court for

relief. Indeed, his request for an eight-month extension of

time in response to the notice of dismissal only highlights

the likelihood that appellant will continue to act in a

dilatory manner. In such a situation, dismissal is not too

harsh a sanction. See Medeiros, 621 F.2d at 470-71 (delay by
 

plaintiff in availing himself of discovery, although not

"contumacious," is a sufficient ground for dismissal). We

also note that the merits of appellant's underlying claims

are questionable and that the long pendency of this action

has likely resulted on prejudice to defendants. Thus, we

cannot say that the district court abused its discretion in

dismissing the complaints under Fed. R. Civ. P. 41(b) and

Local Rule 41.1.

 The judgments of the district court are affirmed.
 

 -9-