**In re SELECTED SOMERSWORTH BANK CASES.**

Civ. Nos. 92–149 through 92–151, 92–267, 92–269 through 92–277.

United States District Court,
D. Maine.

March 16, 1993.

Susan Szwed, Rose Duggan, Portland, ME, Sharon Howard, Rubinstein & Perry, Boston, MA, for FDIC.

Gary H. Reiner, Reiner & Bouffard, Kittery, ME, for defendant Reiner.

Kenneth R. Clegg, Bourque & Clegg, Sanford, ME, for defendant Strater.

Paul W. McElhinney, Sanford, ME, for defendant Gray.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, ME, for defendant Daughan in No. 92–151, Gerald Petruccelli, Joel C. Martin, Petruccelli & Martin, Portland, ME, for defendant Daughan in No. 92–276, Gerald F. Petruccelli, Petruccelli & Martin, Portland, ME, for defendant Daughan in all other docket nos.

David Collins, Asst. U.S. Atty., Portland, ME, for defendant U.S.A.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, ME, for defendant Bagaduce Realty.

Martin I. Eisenstein, Brann & Isaacson, Lewiston, ME, for defendant Maddix.

**2**

Martin I. Eisenstein, Brann & Isaacson, Lewiston, ME, for defendant Gadbois.

## MEMORANDUM AND PROCEDURAL ORDER

### GENE CARTER, Chief Judge.

The Court now has before it for action Motions for Sanctions, including dismissal, by one or more Defendants based upon alleged discovery violations of Plaintiff FDIC in nine of the above-cited cases. The Court has completed a painstaking study of the record made on these motions and a careful review of the legal memoranda of counsel thereon.

These cases are part of a group of some fourteen cases brought to this Court on removal by the FDIC from various Maine state courts. These, and other cases in which the FDIC is a party, have been the cause of much trouble and frustration due to the FDIC's unwillingness or inability (because of an apparent combination of its own bureaucratic inefficiency, institutional inertia, persistent recalcitrance, and its failure to cooperate with its retained counsel) to follow the procedural (and, principally, discovery) rules that govern its conduct as a civil litigant in this Court. It has repeatedly refused this Court's most earnest entreaties to conduct its affairs in such a manner as to comply with the rules of this Court. It has consistently displayed a cavalier disinterest in doing so, generally refusing to honor the Court's entreaties with any substantive response whatever. The Court has repeatedly asked the FDIC, through various counsel, to initiate a system for authorized conduct on its behalf of negotiations for settlement of these and other cases and for prompt approval processes and confirmation of settlements, when finally agreed upon, without the need to repeatedly seek enlargements of time for those purposes. Plaintiff, in the view of this Court, is embarked upon a course of deliberate stonewalling of this Court's efforts to require that it conform with those rules and procedures that apply routinely to all civil litigants in this Court.[1]

These fourteen pieces of litigation are an extreme demonstration of the FDIC's confused, obstructionist, inept, and uncooperative litigating style. The cases were generally removed to this Court in July–August 1992. The docket in each case reflects this Court's constant diligence in following each case, virtually on a daily basis, and acting with expedition on every motion as it matures. The Court, usually after extensive pretrial handling of these cases, entered in each case its Scheduling Order[2] governing the pretrial development of the case (Docket No. 30).[3] Substitute counsel filed on January

---

1. In these cases, Plaintiff's counsel is brash enough to suggest *overtly* what the Court has come to understand that the FDIC, as a litigant, has believed all along: that because of the majesty of its status as a federal agency and the righteousness of its claims, it has some privileged entitlement to special treatment in this Court. Counsel observes:

   The claims of FDIC are particularly compelling, because they involve collection of note obligations of the defendant, the non-payment of which contributed in part, to the failure of the Bank and a consequent taxpayer bailout. Recovery of the amounts due will replenish these public funds.

   Plaintiff's Brief in Opposition to Defendant Daughan's Motion for Sanctions in Civil No. 92–149–P–C (Docket No. 68) at 20.

   Suffice it to say that this Court does not extend any priority of position or status to any litigant based upon the self-perceived "holiness" of its claims. The FDIC stands before this Court like any other civil litigant invoking the jurisdiction of the Court, and it is subject to the same rules and requirements of good faith and diligence as any other civil litigant. The sooner the FDIC can accept that fact, the better its counsel can perform, the faster its litigation will move to a conclusion, and the better off will be the FDIC and anyone else who happens to have the misfortune of contact with it and its operatives.

2. The Scheduling Orders were entered in 92–149 on November 5, 1992, in 92–150 on October 2, 1992, in 92–151 on October 6, 1992, and in the remaining cases on August 4, 1992.

3. The Scheduling Order entered in Civil No. 92–149 reads as follows:

   Fed.R.Civ.P. 16(b) provides that in entering a scheduling order, the Court shall consult with the attorneys for the parties and with any unrepresented parties by conference, telephone, mail, or other suitable means. The Court proposes this document as the Scheduling Order in this case and hereby forwards it to counsel or unrepresented parties for consultation.

   Unless a party, directly or through counsel, files within ten (10) days a statement seeking alteration of one or more of the provisions of this Order or specifically requests a conference, this document shall thereupon become

15, 1993, two months later, a Motion to Extend the Scheduling Order for a period of ninety days and seeking a thirty-day delay of all discovery procedures then pending. The ostensible basis for the motion was the practical work of changing counsel for the FDIC. The Court found no persuasive reason set forth by the FDIC for these extensions and denied the motion on July 19, 1992, in all cases. The Court has continuously hectored, lectured, and harassed all counsel in these cases, but particularly the FDIC's, with the certainty that the provisions of the Scheduling Orders will be abided by and that, as they provide, these cases will be ready for and, absent other resolution, will go to trial in May 1993.

The Court, because of this history of unjustified procrastination on the part of the FDIC, reacted with a keen sense of danger to the motion of FDIC's original counsel to withdraw from the case, filed on December 28, 1992 (Docket No. 33), seeing therein the prospect of one more Machiavellian ploy aimed at delaying the preparation of these cases for disposition. Events validated the Court's perception of the need for caution. Very shortly followed the FDIC's Motion to Amend the Scheduling Order, discussed above, and three days after its denial, FDIC's Motion to Dismiss or Stay the proceedings in all cases on what proved to be the blatantly false assertion that the Court was without jurisdiction *because of the pendency of claims in the administrative hearing process* under 12 U.S.C. § 1821(d)(13)(D). In fact, the claims in question previously had been denied by the FDIC and were not pending at all. When the Court finally *forced* the FDIC's substitute counsel to disclose *when* the denials occurred, it was established that the claims were denied on December 28, 1992,[4] nearly a month prior to the filing of the Motion to Dismiss or Stay. The Court has already dealt at length with this Falstaffian bit of trial tactics in its Memorandum of Decision and Order Granting the FDIC's Counsel's Motion to Withdraw, filed on February 12, 1993 (Docket No. 50). Therein, the Court *once more* made explicit its mounting level of frustration and impatience with the FDIC's dilatory tactics and stressed that these cases would be disposed of in May 1993.

Defendants in these cases have now filed extensive motions for discovery sanctions arising out of the FDIC's conduct which seek the dismissal of the cases by reason of the FDIC's failure to attend and answer questions at noticed depositions of the FDIC and failure to produce documents in discovery. They have been responded to by voluminous filings of the FDIC, which has also filed two rounds of motions for summary judgment.[5]

the Scheduling Order of the Court and shall govern all further proceedings in this matter.
*Subject Matter Jurisdiction:* Federal Question
*Jury Trial:* Demanded
*Deadline for Joinder of Parties and Amendment of the Pleadings:* November 30, 1992
*Plaintiff(s) shall Designate Experts and Provide Rule 26(b)(4)(A)(i) Information by:* December 14, 1992
*Defendant(s) shall Designate Experts and Provide Rule 26(b)(4)(A)(i) Information by:* January 11, 1993
*Deadline to Complete Discovery:* February 22, 1993
*Deadline for Filing of All Motions with Supporting Memoranda:* March 1, 1993
*Expected Trial Date:* The parties shall expect to try this case during the month of May, 1993.
*Further Matters in Aid of Disposition:* The plaintiff(s) shall make a written settlement demand upon the defendant(s) by January 15, 1993. The defendant(s) shall respond by February 12, 1993.
   Counsel are hereby advised that absent some excusable circumstance, discovery initiatives must be initiated sufficiently in advance of the discovery deadline to permit the opposing party to file in advance of the discovery deadline its appropriate response within the period allowed by the Civil Rules for such purpose.
   The Scheduling Order in some of the other subject cases may contain different dates in the same general time frames, but otherwise they track in form and substance the above Scheduling Order.

4.  The FDIC's own filings in each of these cases, except in Civil No. 92–272, the FDIC's Response to Decision and Order *required* by the Court to be filed in response to its Memorandum and Decision on FDIC's Motion to Withdraw, clearly reflect that notice of the denial of all claims made by Defendants in these cases was dated December 28, 1992.

5.  *The Court has had no indication that there has been any ongoing pretrial preparation activity on the part of counsel since the filing of the Motions for Sanctions and the FDIC's Motions for Summary Judgment herein. The Court reminds coun-*

4

It appears to the Court from its review of the filings on the Motions for Sanctions that the Court may ultimately, perhaps after an evidentiary hearing, conclude that there is reason for discovery sanctions to be imposed on the FDIC. It also appears, however, that the ultimate sanction of dismissal of the cases may not be found to be appropriate.

■ Federal Rule of Civil Procedure 37 provides that whatever sanctions are "just," including dismissal, may be applied against a party who fails to appear at his own deposition after being served with proper notice. The decision to sanction and the choice of the sanction lie with the discretion of the district judge. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).

■ Defendants have asked this Court to dismiss all of Plaintiff's claims against them. The Court of Appeals has stated that "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990) (quoting *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971), and *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir.1977)). The policy disfavoring dismissal is based upon the proposition that cases should be disposed of on the merits except in the most unusual circumstances. While the most severe sanction of dismissal must be available not merely to penalize egregious conduct but also to deter such conduct, *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781, fairness requires that some limits be placed on its use.

■ Dismissal of an action under Rule 37(b)(2)(C) for failure to comply with a discovery order is a sanction of last resort, applicable only in extreme circumstances, to the most flagrant of discovery abuses. *See*

*Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535 (1st Cir.1988) (Lack of hearing prior to dismissal of plaintiff's case because of his failure to obey discovery order does not offend due process where plaintiff had ample warning of consequences of his failure to comply with court's orders.); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381 (9th Cir. 1988) (Dismissal was warranted where appellants continuously refused to respond to discovery requests even after court ordered responses, delays were long and unjustified, and less drastic sanctions had been unsuccessful.); *Navarro v. Cohan*, 856 F.2d 141 (11th Cir.1988) (District Court did not abuse its discretion in dismissing complaint for plaintiff's failure to appear at scheduled deposition where plaintiff had repeatedly failed to respond to defendants' motions, court had fined plaintiff's counsel for such failure to respond, and court had previously considered dismissing case for failure to prosecute.). Dismissal should be employed only if the court could not fashion an "equally effective but less drastic remedy." *United States v. Pole No. 3172*, 852 F.2d 636, 642 (1st Cir. 1988). *See also Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc.*, 848 F.2d 315, 317 (1st Cir.1988); *Zavala Santiago*, 553 F.2d at 712.

■ The Court of Appeals for the First Circuit has found that it is proper for the district court to consider a number of factors in fashioning the appropriate sanction. These include 1) the willfulness or bad faith of the non-complying party; 2) the prejudice to the opposing party resulting from the failure to appear; 3) whether the procedural history indicates protracted inaction or deliberate delay; and 4) the disregard of earlier warnings of the consequences of the misconduct in question. *See National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779; *Velazquez–Rivera v. Sea–Land Service, Inc.*, 920 F.2d 1072, 1077 (1st Cir.1990); *Pole No. 3172*, 852 F.2d at 641.

*sel that the filing of motions does not in any way abrogate or toll counsel's ongoing obligations to the Court to use all diligent efforts in good faith and in a timely manner to pursue fully pretrial preparation of each of these cases as now required by the orders of this Court and the Federal Rules of Civil Procedure.*

*The Court expects preparation of these cases for trial or other disposition, including negotiations for settlements, to proceed with all deliberate effort and speed.*

■ The Court finds it necessary, on this record, to experiment with its ability to fashion a less drastic remedy than dismissal in these cases *at this point.*

Therefore, in order to assure the ongoing preparation of these cases for trials to commence in May 1993, in the event that dismissal is not ordered, it is hereby *ORDERED* that the FDIC:

(1) Forthwith undertake to assemble, through its substitute counsel in these cases and its other operatives, *every scrap of paper* or other type of written record within the scope of any Defendant's Request for Production of Documents filed in any one or more of these cases, including all original documents and any copies thereof, now in the possession, custody, and/or control of the FDIC, its counsel, officers, employees, agencies, private contractors, and all and every other person, legal entity, institution, firm, corporation, or being of every kind and description or over which any of the above may, by reasonable effort and diligence, acquire on behalf of the FDIC possession, custody, and/or control; and that such process be fully completed on or before March 25, 1993;

(2) On or before March 26, 1993, cause all of the documents specified in paragraph (1) above to be produced at Portland, Maine in two (2) groups, as follows:

(a) All such documents not within the scope of a written objection of the FDIC to a Defendant's Request for Production of Documents, or any document as to which FDIC no longer asserts any objection to production thereof, shall be produced in a facility to be provided at FDIC's expense in downtown Portland, Maine, providing suitable accommodations for all defense counsel in these cases to have access to said documents on a reasonable basis from 8:00 a.m. to 6:00 p.m., six (6) days per week, for such period as Defendants' counsel shall desire, and FDIC shall make every reasonable effort to accommodate the reasonable requirements of all defense counsel in inspecting *and copying* any or all of such documents; and

(b) All such documents within the scope of a written objection of the FDIC to a Defendant's Request for Production of Documents as to which FDIC continues to object to production thereof shall be produced at the law offices' of Susan J. Szwed, Esq., 295 Forest Avenue, Suite 209, Portland, Maine 04110, subject to *in camera* inspection by the Court as may hereafter be demanded;

(3) On or before April 2, 1993, file with the Court, and serve on all opposing counsel, a list of the documents specified in paragraph (2)(b), identifying by pertinent data each document and stating the precise basis of each objection to its production in discovery; and *IT IS FURTHER ORDERED* that each Defendant's counsel aggrieved by a failure to produce any document file a response to FDIC's filing which is in compliance with Local Rule 19;

(4) The Court hereby gives full *NOTICE* to FDIC and its substitute counsel that failure to timely and fully comply with the foregoing requirements of this Order will result in *sua sponte* dismissal, with prejudice, of all claims asserted by FDIC in any of these cases that are the subject of this Order. *No extensions of time will be granted.*

(5) On or before March 22, 1993, shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, pursuant to Federal Rules of Civil Procedure 30(b)(6), to be deposed pursuant to the original Notices of Deposition of FDIC filed in each of these cases on or about December 15, 1992, that precipitated the deposition of January 20, 1993, to which no designation has ever been made by the FDIC and at which deposition the FDIC's original counsel appeared and declined to present a deponent or to produce any documents; that FDIC shall, by agreement with opposing counsel, produce the designated deponent for a full deposition on or before March 30, 1993; and that said deposition shall be completed no later than April 1, 1993;

(6) On or before March 22, 1993, FDIC's substitute counsel shall confer in good faith with all opposing counsel and agree upon the resumption and/or completion of all depositions not now completed which were properly noticed *prior to the discovery deadline*, and that all such depositions be completed by April 7, 1993.

*AND IT IS FURTHER ORDERED* that all counsel for Defendants herein proceed *forthwith* to examine the documents produced by the FDIC pursuant to paragraph (2)(a) hereinabove as soon as advised by FDIC's counsel of the location within the city of Portland, Maine of said documents, and said counsel shall file with the Court and serve on opposing counsel, on or before April 12, 1993, a list identifying any and all documents not produced which are within the scope of an original Request for Product of Documents which counsel has a good-faith basis to believe are in existence and subject to FDIC's obligation to produce hereunder.

*AND IT IS FURTHER ORDERED* that counsel for FDIC shall respond to any filing of any defense counsel under the preceding paragraph hereof, in writing, filed on or before April 19, 1993, setting forth a demonstration of a reasonably diligent and good-faith inquiry by FDIC's substitute counsel and FDIC's other operatives into the status of each document so identified and disclosing fully to the Court and counsel all information resulting from such inquiry.