**In re Richard BITTLEMAN, Debtor.**

**Herman RAPPAPORT, Plaintiff/Appellant,**

v.

**Richard BITTLEMAN, Defendant/Appellee.**

**BAP No. CC 87–1429 MoJV.**

**Bankruptcy No. LA86–07876BR.**

**Adv. No. LA86–1940BR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 16, 1988.

Decided Nov. 15, 1988.

---

Kim Rodgers Wethoff, Garfield, Tepper & Ashworth, Los Angeles, Cal., for plaintiff/appellant.

No appearance for appellee.

Before MOOREMAN, JONES and VOLINN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

This appeal arises from a judgment entered in favor of the Debtor, Richard Bittleman (Appellee), in Herman Rappaport's (Appellant) adversary proceeding to determine the dischargeability of a debt. The Debtor has not filed a responsive brief.

## FACTS

Appellant filed an adversary proceeding against the Debtor on July 25, 1986. The complaint essentially alleged that the Debtor leased certain property from Appellant and that the lease was obtained through forgery, fraud and misrepresentation (E.R. at 23). In August 1986, the Debtor filed his answer to the complaint and in September 1986, the Debtor's deposition was taken. At a January 21, 1987 pretrial conference, the bankruptcy court instructed both counsel that all declarations were to be filed by February 9, 1987. The bankruptcy court's procedure for trial required that the testimony-in-chief of witnesses be presented in the form of written declarations and that the declarant/witnesses be present and available for cross-examination at the time of trial. Trial on the matter was set for April 7, 1987.

Appellant timely filed its trial brief along with five (5) declarations from various witnesses. The Debtor never filed a trial brief and the single declaration of the Debtor was filed approximately one month late.

At the time of trial, Appellant appeared through his counsel. However, only one of the Appellant's witnesses (Mr. Harris), was present in the courtroom. Appellant's counsel stated that the remaining witnesses were available on a one hour telephone call (Transcript p. 2). Although the Debtor's counsel was present, the Debtor himself was not.

Appellant argues that because the Debtor was in violation of the pretrial order, appellant was willing to submit the case on the declarations. The bankruptcy court, however, stated "in order for a declaration to be admitted, you have to have the declarant present in court subject to cross-examination" (Transcript at 3). Appellant's counsel then sought to proceed with the trial by producing Mr. Harris who was available in the courtroom. The opposing counsel, however, chose not to cross-examine Mr. Harris and the bankruptcy court accepted Mr. Harris' declaration as true. Appellant's counsel also argued that a Jack Bittelman (not the debtor), had been subpoenaed, but had not appeared.

The bankruptcy court, however, determined that even if Jack Bittelman and the Debtor had appeared, they were adverse witnesses and Appellant would have been unable to establish his case. Additionally, the court determined that even accepting as true the declaration of Mr. Harris, Ap-

pellant had failed to establish the elements of a nondischargeability action.[1]

Appellant's counsel then sought a one-hour continuance so that the appropriate witnesses could arrive to be subject to cross-examination. Appellant's counsel stated that Appellant "has a business deal closing, unfortunately today," but could be in court within one hour[2] (Transcript at 2). The bankruptcy court denied this request on the basis that it was improper to place any witnesses on one-hour call.

## DISCUSSION

The essential issue underlying this appeal is whether the bankruptcy court improperly refused Appellant's request to proceed with Mr. Harris and, thus, improperly denied Appellant's request for a continuance.

The Ninth Circuit has recognized that a trial court's denial of a continuance will be reviewed for a showing of abuse of discretion. *E.g., Mission Indians v. American Management & Amusement, Inc.*, 824 F.2d 710, 715 (9th Cir.1987). Under this standard of review, a reversal is appropriate when the reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon the weighing of the relevant factors." *Id.* at 724. However, the Ninth Circuit also recognizes that "dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) (regarding a dismissal for failure to prosecute). The bankruptcy court's denial of the requested continuance in the instant case effectively amounted to a dismissal.

In our view, the bankruptcy court abused its discretion in failing to grant Appellant's motion for a continuance. Although the need to manage the court's docket is an important factor, nothing in the record indicates that this factor outweighs the harsh penalty of dismissal imposed upon Appellant in this case. Here, the bankruptcy court had declarations before it, presumably establishing a prima facie case, which it refused to admit without all of the declarants being present for cross-examination. The court denied the one-hour continuance to obtain the witnesses who had been placed on one-hour call. Under the circumstances, this was an abuse of discretion. Nothing in the Federal Rules of Civil Procedure requires all witnesses to be on hand at the beginning of the trial. Moreover, Appellant's counsel, at a minimum, should have been allowed to call Mr. Harris. The fact that he would have been an adverse witness does not compel the conclusion that his testimony could be of no probative value to Appellant. The same would hold true for testimony by the Debtor. Additionally, Jack Bittleman was under subpoena by Appellant and failed to appear. He would have also consumed some of the time necessary to obtain the additional witnesses.

Furthermore, there is no indication of bad faith or intentional procrastination on the part of Appellant in failing to have all witnesses present at the beginning of the trial. Both below and on appeal Appellant contends that it misunderstood the reason for the court's directive that all witnesses be present. Specifically, Appellant contends that it believed that the declarants' testimony would only be permitted for purposes of rebuttal. Appellant claims to have been unaware that the bankruptcy court would prohibit the admission of the declarations because the declarants were unavailable for cross-examination. Moreover, Appellant's witnesses were placed on one-hour call so as to avoid unnecessary waiting on their part. Although this was arguably inconsiderate of the bankruptcy court's need to manage its docket, there is

---

1. Appellant does not dispute that Mr. Harris' declaration alone was insufficient to establish a case of nondischargeability, but bases his argument on the bankruptcy court's refusal to accept all the witnesses' declarations or to grant a one-hour continuance and allow Appellant to proceed with Mr. Harris.

2. Apparently, the purpose of placing the other witnesses on "one-hour call" was because Appellant's counsel assumed there would be a "backlog" and did not want them to have to wait unnecessarily (Transcript at 10–11).

no indication from the record that Appellant was guilty of bad faith or was disrespectful of the court.

Although Appellant was not present in the courtroom at the beginning of trial, neither was the Debtor. A plaintiff normally has the discretion to call witnesses in any order it chooses. Appellant might have chosen to call the Debtor as an adverse witness, prior to calling other witnesses. Finally, we note that the Debtor failed to file a trial brief and also failed to supply its declarations in accordance with the court's order and procedure. Accordingly, the Debtor's conduct before the court was less than exemplary.

Under the circumstances, we are of the view that the denial of the continuance was an unnecessarily harsh penalty. *See Richman v. General Motors Corp.*, 437 F.2d 196 (1st Cir.1971) (denial of continuance unduly harsh when plaintiff was unable to go forward on trial date because of unavailability of expert witness). Assuming that Appellant's conduct before the bankruptcy court fell short of an established standard, sanctions of a compensatory nature were available as an alternative to depriving Appellant of its day in court.

Accordingly, we REVERSE the denial of the continuance, VACATE the judgment in favor of the Debtor and REMAND the matter for trial.

MOOREMAN, Bankruptcy Judge, dissenting.

Under the circumstances of this case and pursuant to the abuse of discretion standard of review, I cannot say with a "definite and firm conviction" that the trial court "committed a clear error of judgment" in refusing to grant a continuance. *Mission Indians*, 824 F.2d at 724.

The bankruptcy court's procedure was to accept declarations to establish the prima facie case *if* the witnesses were available for cross-examination. The plaintiff's attorney knew of this procedure and still failed to have the witnesses appear. Accordingly, the bankruptcy court refused to accept evidence which was not subject to cross examination.

The majority's opinion relies *inter alia* on the fact that "Appellant's counsel, at a minimum, should have been allowed to call Mr. Harris." Additionally, the majority's disposition states that Jack Bittelman was under subpoena by the appellant and failed to appear." Based on the above, the majority concludes that the appellant would have "consumed some of the time necessary to obtain additional witnesses."

However, pursuant to the bankruptcy court's procedure, the trial judge did allow the plaintiff's attorney to introduce Mr. Harris' testimony and accepted Mr. Harris' declaration without exception. Mr. Harris had nothing more to add in the way of evidence and the defendant's attorney did not object to the evidence. There was no need to call Mr. Harris to give oral testimony, because his testimony had already been accepted. The plaintiff's attorney recognized this at the trial, but now inconsistently argues that he should have been allowed to call Mr. Harris.

As for the subpoenaed witness of Jack Bittelman, it was essentially uncontradicted at the trial and on appeal that even if Jack Bittelman was present to testify, he could not have added anything to establish the plaintiff's prima facie case.

Although there is nothing in the federal rules that requires all witnesses to be on hand at the beginning of the trial, this was not the basis of the dismissal. Rather, the court merely determined that the plaintiff had failed to establish his case of alleged fraud. This fact is not disputed by the appellant.

Given the circumstances and record of the instant case, I am not convinced that the trial court committed a clear error of judgment in refusing to grant a continuance until the plaintiff could "close his business deal" and appear to testify.

Additionally, in reviewing whether the bankruptcy court abused its discretion by denying the requested continuance, two important factors are appropriate for consideration.

The first factor is the bankruptcy court's need to manage its docket. Indeed, the

bankruptcy court in the instant case stated that "I can't allow others to run the court." Transcript at 11. The appellant himself was obviously the most crucial witness for establishing his own case, however, he chose to risk the eventual outcome in order to "close a business deal." Although the appellant may have been concerned with the problem of "unnecessary waiting" in the event of a backlog in the court proceedings, conduct such as placing witnesses on "one-hour call" merely adds to the continually increasing backlog of bankruptcy courts' calendars. If such a practice were allowed, the resulting and inevitable delays would create unmanageable calendars.

The second factor to consider is the prejudice to the opposing party. In the instant case, it is evident that the defendant would have been prejudiced by increased attorney's fees if the trial would have been postponed for at least an additional hour.

Given these considerations, and under the circumstances of the instant case, the appellant has, in my view, failed to show that the bankruptcy court committed a clear error of judgment in refusing to grant the appellant's request for a continuance. *See Mission Indians*, 824 F.2d at 724.