Bergquist v. Thompson/Ctr Arms        CV-93-457-SD  06/28/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


George Bergquist


        v.                                      Civil No. 93-457-SD


Thompson/Center Arms, Inc.


O R D E R


    Plaintiff has filed two motions which, respectively, seek
(1) the reopening of discovery (document 40) and (2) the
imposition of sanctions (document 41).  The defendant has no
objection to the motion for discovery in light of this court's
prior order of June 12, 1995 (document 43).[1]  Defendant does,
however, object to that portion of the motion which suggests that
defendant made false statements to plaintiff in the course of
discovery proceedings.  Document 45.

    In light of defendant's response, the motion to reopen
discovery is granted on the same terms and conditions as set
forth in document 43.

_____

    [1]In said order of June 12, 1995, the court, in relevant
part, reopened discovery to permit the plaintiff to ascertain
information concerning the identity of certain witnesses to the
plaintiff's accident so that, in turn, plaintiff might respond to
a pending motion for summary judgment.

The motion for sanctions is grounded on the plaintiff's claim that defendant has intentionally and falsely denied that it knew the identity of the eyewitnesses to the accident which underlies the plaintiff's action. In response, defendant points out that its previous counsel, focusing on the issue of whether the "wrong defendant" had been here sued, responded to discovery as best it could under those circumstances.[2] Subsequently, present counsel was retained and, eschewing the "wrong defendant" issue, it caused further investigation to be made into the merits. This investigation led to the discovery of the identity of the witnesses to the accident, and counsel avers that at no time since actual discovery of such identity has it intentionally or falsely misled plaintiff's counsel with respect to such facts. Additionally, as above indicated, the court has reopened discovery to permit plaintiff sufficient time within which to prepare his case.

The sanction here sought, establishment of the key issue of negligence in favor of the plaintiff, is a harsh one, which equates with default as to liability. As such, it flies in the face of the preferred procedure in this circuit that disposition of litigation should be had on the merits. See, e.g., Richmond

_____

[2]As of the date of the accident which gives rise to this litigation, the current defendant was not legally in existence as an entity.

2

<u>v. General Motors</u>, 437 F.2d 196 (1st Cir. 1971).

Moreover, in discovery disputes, it is well settled that the party seeking a sanction for violation of discovery must first seek a court order compelling discovery, for only on failure of the opponent to comply with an order of compulsion may the court choose a sanction as harsh as that here requested. <u>United States v. One 1987 BMW 325</u>, 985 F.2d 655, 660 (1st Cir. 1993). No such motion has been filed in the instant litigation.

Accordingly, it follows that granting of the motion for sanctions must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 28, 1995

cc:  Ronald E. Cook, Esq.
     Francis P. Driscoll, Esq.
     Steven M. Gordon, Esq.

3