USCA1 Opinion

 

 April 18, 1995 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-2033 HARVEY BLOOM, Plaintiff, Appellant, v. AGFA CORPORATION, Defendant, Appellee. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Zachary R. Karol, U.S. Magistrate Judge] _____________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _________________________ Donald L. Conn, Jr., with whom Conn, Austin, Conn & Senior ___________________ ____________________________ was on brief, for appellant. John F. Welsh, with whom Marie H. Bowen and Testa, Hurwitz & _____________ ______________ ________________ Thibeault were on brief, for appellee. _________ _________________________ _________________________  Per Curiam. We have carefully reviewed the briefs and Per Curiam. __________ the record in this case, and have given due consideration to the matters raised at oral argument. Because we agree, for the most part, with the magistrate judge's thoughtful opinion, see Bloom ___ _____ v. Agfa Corp., No. 90-10856-ZRK, 1994 WL 548050 (D. Mass. Aug. __________ 10, 1994), we affirm the judgment below substantially on the basis of that opinion. We add only two brief comments. First, plaintiff concedes that if his proffered "statistical evidence" lacked probative force, he had no other competent proof of an age-based animus. On reflection, we are persuaded that this evidence is not evidence at all. To say that a reduction in force discriminated against older workers merely because 60% of the managers who were laid off were over 40 years of age proves nothing of consequence about age discrimination in the absence of complementary evidence as to the ages of all the managers employed in the unit under analysis. See LeBlanc v. ___ _______ Great Am. Ins. Co., 6 F.3d 836, 848 (1st Cir. 1993) (noting in a __________________ disparate treatment case that appellant's statistical evidence was flawed inasmuch as it failed to provide important information anent the applicant pool), cert. denied, 114 S. Ct. 1398 (1994). _____ ______ We think this proposition has particular cogency where, as here, logic suggests that the universe of managers might well be weighted toward the protected class. After all, on average, one would expect managers in a large corporation to be experienced hands and, thus, older rather than younger. Given 2 this logical expectation, plaintiff's incomplete equation, without more, does not supply a sufficient predicate on which to found a reasonable inference of age-based animus. Second, we do not believe that the district court abused its discretion in denying plaintiff's tardy motion to compel discovery. See generally Mack v. Great Atl. & Pac. Tea ___ _________ ____ ______________________ Co., 871 F.2d 179, 186 (1st Cir. 1989) (discussing trial court's ___ broad discretion in respect to discovery orders). Plaintiff let three years lapse after the court denied his original motion to compel without prejudice, and only renewed the motion after the case had been reached for trial. Parties who, like Bloom, have easily foreseeable needs for pretrial discovery cannot wait until the district court is performing rites of interment before attempting to secure necessary facts. See, e.g., Fusco v. Gen. ___ ____ _____ ____ Motors Corp., 11 F.3d 259, 266 (1st Cir. 1993) (affirming _____________ district court's denial of appellant's eve-of-trial motion to compel production when appellant knew a year earlier that appellee intended to offer evidence on the issue); Medeiros v. ________ United States, 621 F.2d 468, 470 (1st Cir. 1980) (affirming ______________ dismissal for lack of prosecution when record reflected "unreasonable delay" by plaintiff in conducting pretrial discovery). In this instance, plaintiff's effort was too little too late. We need go no further. It is clear beyond peradventure that the trial court did not err either in ordering judgment for the defendant as a matter of law based on plaintiff's opening 3 statement or in denying plaintiff's belated motion to reopen discovery. Because this appeal does not yield a substantial question of law or fact, we summarily affirm the judgment below. See 1st Cir. R. 27.1. ___ Affirmed. Affirmed. ________ 4