**JARDINES LIMITED PARTNERSHIP, et al., Plaintiffs,**

v.

**EXECUTIVE HOMESEARCH REALTY SERVICES, INC., et al., Defendants.**

Civ.A. No. 95–1930(PG).

United States District Court, D. Puerto Rico.

May 18, 1998.

---

**25.** Docket no. 10, exhibit 3.

J. Ramón Rivera Morales & Isabel J. Vélez Serrano, San Juan, PR, for Plaintiff.

Oscar González Badillo, San Juan, PR, Eduardo A. Betancourt, Santurce, PR, for Defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court is co-defendant Executive Homesearch Realty Services, Inc.'s ("Executive Homesearch") motion requesting dismissal for lack of prosecution (Dkt. # 12). No opposition has been filed.

## BACKGROUND

Plaintiffs filed the instant action on July 27, 1995. On September 25, 1995, co-defendant Executive Homesearch answered the complaint and counterclaimed against co-plaintiff San Juan Park Limited Dividend Partnership ("San Juan Park"). In turn, co-defendant P & LL Universal Construction Corp. ("P & LL") answered the complaint on October 11, 1995. San Juan Park answered the counterclaim on October 20, 1995. On May 23, 1996 plaintiffs filed a motion to substitute attorney Manuel San Juan for Isabel Vélez Serràno. The Court took notice of said motion on May 24, 1996. Then, on October 6, 1997 plaintiffs filed a motion for J. Ramón Rivera and Isabel Vélez Serrano to withdraw as attorneys. Said motion was granted by this Court on October 8, 1997. To this date, plaintiffs have failed to appear with new counsel, nor have they informed the Court of any actions taken to appear represented by such. On March 25, 1998 co-defendant filed the motion to dismiss for lack of prosecution which is presently before the Court.

## DISCUSSION

Rule 41(b) provides for the involuntary dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court...." Fed. R.Civ.P. 41(b). It expressly authorizes a district court to dismiss a case with prejudice in order to punish a plaintiff for failure to prosecute. Rule 41(b) is one manifestation of the ancient and inherent power of a trial judge "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). The decision is left to the sound discretion of the district court. *See Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.*, 848 F.2d 315, 316 (1st Cir. 1988).

The Court is aware of First Circuit jurisprudence warning that dismissals for want of prosecution is a harsh sanction,

"which should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate." *Zavala Santiago v. González Rivera*, 553 F.2d 710, 712 (1st Cir.1977). *See also Estate of Solis–Rivera v. United States*, 993 F.2d 1, 2 (1st Cir.1993); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990); *Enlace Mercantil, supra,* at 317; *Richman v. General Motors Corp.,* 437 F.2d 196, 199 (1st Cir.1971). This case has been on the docket for almost three years and the extent of plaintiffs' motion practice, after filing an answer to the counterclaim in October 1995, has been limited to requests for substitution and withdrawal of attorneys. Moreover, they were notified of co-defendant's motion to dismiss for want of prosecution and did not oppose it. A district court has the unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of a defendant. *See Zavala–Santiago, supra,* at 712. This is especially the case when plaintiff's protraction can be measured in years. *See Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir. 1987).

█ The power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits. *See Richman, supra,* at 199; *Dyotherm Corp. v. Turbo Machine Co.,* 392 F.2d 146, 149 (3rd Cir.1968). Ultimately, however, plaintiff is responsible for developing and prosecuting its own case. It is not the Court's responsibility to function as its babysitter. The Court, in its sound discretion, finds that Rule 41(b) is meant to remedy situations such as the one presently before the Court.

**WHEREFORE,** in light of plaintiff's lack of prosecution, the court **GRANTS** co-defendant's motion to dismiss (Dkt. # 12). The above captioned case is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**