Rosalinda **FABREGAS,** Plaintiff,

v.

**I.T.T. INTERMEDIA, INC.,** Defendant.

**No. CIV. 95–1862(JAF).**

United States District Court,
D. Puerto Rico.

June 27, 1998.

---

Jane A. Becker–Whitaker, Troncoso & Becker and Nicolas Delgado–Figueroa, San Juan, PR, for Plaintiff.

Mari C. Bosch–Alomar, Radames A. Torruella–Del Valle, McConnell Valdes, San Juan, PR, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Defendant I.T.T. Intermedia, Inc. ("ITT") moves for summary judgment on plaintiff Rosalinda Fábregas' claim of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA), and Puerto Rico Act 100, of June 30, 1959, as amended, 29 L.P.R.A. § 146 (Act 100). After a thorough review of the record, this court GRANTS defendant's motion for summary judgment with regard to the federal claims, and DISMISSES the Puerto Rico claims without prejudice.

### I.

### Facts

On September 27, 1976, Rosalinda Fábregas began working as a telesales representative for ITT. She was forty-one years old at the time she was hired. Fábregas was subsequently promoted to the position of National Account Sales Executive. On October 29, 1990, plaintiff asked ITT for her preliminary numbers of early retirement and, on November 16, 1990, she informed ITT that due to a corneal condition she would be disabled and unable to work as of Monday, November 19, 1990. Fábregas continued to work for ITT while she waited for a cornea.

On January 19, 1991, plaintiff underwent a cornea transplant. As of July 1991, she was not able to return to work due to her vision problems. On July 2, 1991, ITT sent plaintiff a letter informing her that the six-month employment reservation period required by the Puerto Rico Disability Benefit Act ("SINOT") had expired in June and that ITT would no longer reserve her employment, effectively terminating her.

In November of 1991, Fábregas had not recovered from her corneal non-occupational disability condition and was declared legally blind. On November 11, 1991, her doctor, Cristóbal Méndez, issued a letter certifying that plaintiff was legally blind, "rendering her unable to work in her current duties at work." *See Docket Document No. 40, Exhibit H.* On March 10, 1992, plaintiff was de-

clared disabled by the Social Security Administration.

Plaintiff alleges that on several occasions, Jaime Loyola, ITT's Human Resources Manager, and Carlos Villafañe, the Sales Manager, told her that "she was old;" and that "she should retire and stay home and take care of her grandchildren." *Docket Document 40, Exhibit A, pp. 44–45, 49.* In 1991, Loyola, who was born on May 31, 1931, was sixty years old, and Villafañe, who was born on October 16, 1953, was thirty-eight years old.

## II.

### *Standard for Summary Judgment*

The standard for summary judgment is straightforward and well-established: A district court should grant a motion for summary judgment "if the pleadings, depositions, and answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the nonexistence of a "genuine" issue as to a material fact is on the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and, (2) an ultimate burden of persuasion, which always remains on the moving party. *Id.* Although the ultimate burden of persuasion remains on the moving party, the nonmoving party will not defeat a properly supported motion for summary judgment by merely underscoring the "existence of some alleged factual dispute between the parties;" the requirement is that there be a genuine issue of material fact. *Anderson,* 477 U.S. at 247–48.

In addition, "factual disputes that are irrelevant or unnecessary will not be counted." *Id.* 477 U.S. at 248. Under Rule 56(e) of the Federal Rules of Civil Procedure, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256. Summary judgment exists to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Medicine,* 976 F.2d 791, 794 (1st Cir.1992); *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993).

## III.

### *ADEA*

In order to establish a disparate treatment claim under the ADEA, the plaintiff must establish that she was treated adversely because of her age. To survive a motion for summary judgment, the plaintiff must either present direct evidence of discrimination or make out a prima facie case of discrimination, using the familiar *McDonnell Douglas* burden-shifting paradigm developed for Title VII claims. *See Bramble v. American Postal Workers Union, AFL–CIO, Providence Local,* 135 F.3d 21, 24 (1st Cir.1998); *Mesnick v. General Electric Co.,* 950 F.2d 816, 823 (1st Cir.1991). If there is no direct evidence of age discrimination, the plaintiff is required to make out a prima facie case demonstrating (1) that she falls within the ADEA protected age group—that she is more than forty years of age; (2) that she met the employer's legitimate performance expectations; (3) that she experienced adverse employment action; and (4) that she was replaced by another individual with similar skills and qualifications. *See Bramble,* 135 F.3d at 25; *DeNovellis v. Shalala,* 124 F.3d 298, 307 (1st Cir.1997); *Vega v. Kodak Caribbean, Ltd.,* 3 F.3d 476, 479 (1st Cir. 1993).

Once plaintiff has established her prima facie case, a presumption is created that the employer unlawfully discriminated

against the employee, and we then begin the second stage of the analysis. The burden of production then shifts to the defendant-employer to state some legitimate, non-discriminatory reason for the employee's termination. *Mesnick*, 950 F.2d at 823. However, we note that the burden of persuasion always remains with the plaintiff-employee at all times. *Id.* If the defendant sustains its burden of production, the presumption of unlawful age discrimination is dispelled. It is then that the plaintiff must demonstrate that the employer's proffered reason for the alleged adverse employment action was pretextual, and that the real motive behind the action was age discrimination. *Lawrence v. Northrop Corp.*, 980 F.2d 66, 69–70 (1st Cir. 1992). The plaintiff must do more than cast a doubt on defendant's justification for the challenged action; there must be a sufficient showing that discriminatory animus motivated the employers's action. *Mesnick*, 950 F.2d at 824. Direct or indirect evidence of a discriminatory motive may do, but "the evidence as a whole ... must be sufficient for a reasonable fact finder to infer that the employer's decision was motivated by age animus." *Connell v. Bank of Boston*, 924 F.2d 1169, 1172 n. 3 (1st Cir.1991). The plaintiff must pass this last hurdle in order to thwart defendant's motion for summary judgment.

## IV.

### *Analysis of ADEA Claim*

Plaintiff does not offer any direct evidence of discrimination and accepts that the *McDonnell Douglas* formula applies. *Docket Document* No. 42 at p. 4. Thus, we apply the *McDonnell Douglas* formula to plaintiff's claim.[1]

Plaintiff clearly establishes the first and third elements of the prima facie case, since she is a member the protected class by virtue of her age and she was terminated from her employment position with defendant. She does not meet the minimal requirements of the second and fourth elements. Plaintiff has not shown that she met defendant's employment expectations or that these expectations were unreasonable or illegitimate, and she has not provided evidence that she was replaced after her termination.

We realize that the plaintiff's initial burden of making out a prima facie case of discrimination is not onerous. *Mesnick*, 950 F.2d at 823. However, plaintiff has failed to set out a prima facie case of discrimination, even viewing the facts in the light most favorable to plaintiff, in that she did not establish that her age was a factor when ITT decided to terminate her.

■ Plaintiff has not alleged that, during the six months prior to her termination, plaintiff met defendant's employment expectations or that these expectations were unreasonable or illegitimate. Both plaintiff and defendant point to evidence that, following her surgery, plaintiff was not able to return to work. Plaintiff applied for and was awarded Social Security Disability Benefits, which she received because she was unable to resume her former position. It is beyond doubt that she was unable to meet defendant's legitimate expectations. Therefore, plaintiff has not alleged facts sufficient to establish the second element of the *McDonnell Douglas* formula.

Plaintiff has also not alleged facts establishing that she was replaced after termination: the fourth element of the *McDonnell Douglas* framework. Although plaintiff has argued that her responsibilities were redistributed to younger workers, the Court of Appeals for the First Circuit has held that a discharged employee "is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work;" "[a] person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Le-*

---

1. Not only does Fábregas admit that the *McDonnell Douglas* formula applies, she does not argue that there was any direct evidence of discrimination. Moreover, the comments made by Loyola and Villafañe and the alleged delay on the part of ITT in informing her of her early retirement status do not provide direct evidence of age discrimination. *Cf. Bramble*, 135 F.3d at 25, n. 2 (finding that passing comment made by union electorate member about union president's age did not constitute direct evidence of discrimination).

*Blanc v. Great American Insurance Co.*, 6 F.3d 836, 844 (1st Cir.1993) (citing *Barnes v. GenCorp Inc.*, 896 F.2d 1457 (6th Cir.1990)). Plaintiff has not alleged that any specific person was hired or reassigned to perform her duties once she was terminated. Therefore, she has not alleged facts sufficient to establish the fourth element of the *McDonnell Douglas* formula.

Looking at the record, we find no genuine issues of material fact and find it devoid of adequate evidence of defendant's discriminatory intent requiring a trial on the merits. Plaintiff simply has not provided sufficient evidence to allow a jury to draw a reasonable inference that plaintiff was fired due to her age.

## V.

### *Supplemental Claims Under Puerto Rico Law*

 A federal district court with jurisdiction over federal claims also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (1993). However, as we have dismissed the foundational federal claims under the ADEA, we must reassess whether we retain jurisdiction over the Puerto Rico law claims. As the Supreme Court stated in *United Mine Workers of America v. Gibbs:*

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not unsubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Balancing the interests of fairness, judicial economy, convenience, and comity, we, accordingly, decline jurisdiction over the Puerto Rico claims as we have dismissed the foundational federal claims at this early stage of litigation. *See Rodriguez*

*v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995).

## VI.

### *Conclusion*

Plaintiff has failed to establish a prima facie case of discrimination in violation of the ADEA according to the *McDonnell Douglas* formula. We, accordingly, **GRANT** defendant's motion for summary judgment. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of supplemental jurisdiction.

Regarding codefendants Iván E. Domínguez and Jaime Loyola, the record confirms that the defendants were never served with summons. The complaint against Iván E. Domínguez and Jaime Loyola shall be dismissed for failure to secure service of process and for failure to prosecute diligently. *See* Fed.R.Civ.P. 4(m) and 41(b).

**IT IS SO ORDERED.**