Alexander BETANCOURT, Plaintiff,

v.

Pedro TOLEDO, et al., Defendants.

No. CIV 00–1607 (PG).

United States District Court,
D. Puerto Rico.

April 19, 2001.

Eric B. Singleton, Santurce, PR, for plaintiff.

## ORDER

PEREZ–GIMENEZ, District Judge.

As part of its responsibility for managing its docket, this Court has revisited the file of this case and notes the following chronology of events:

1. *May 17, 2000:* Plaintiff files his complaint. (Dkt.1)

2. *January 12, 2001:* The Court issues an Order to Show Cause as to why the case should not be dismissed for lack of prosecution. (Dkt.2)

3. *February 12, 2001:* Plaintiff files an informative motion responding to the Order to Show Cause. (Dkt.3)

## DISCUSSION

Plaintiff has failed to serve summons within the applicable time period and has failed to prosecute his case. *See* FED. R. CIV. P. 41(b). Plaintiff has not adequately answered the Court's Order to Show Cause. Among Plaintiff's excuses for his protracted inactivity is allegations of a murder of a witness which caused Plaintiff to flea to the south coast of Puerto Rico and take up hiding and an accident involving Plaintiff's attorney that occurred in January of 2001 which allegedly rendered the attorney incapacitated for a undisclosed time period. Due to the soap operatic occurrences, Plaintiff's attorney asked the Court for a ten-day grace period in which to contact his client and inform the Court of the status of this case. It is now two (2) months later and the Court still has received no word from Plaintiff or his attorney.

Although this Court has the responsibility "to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Court does not "function as [a plaintiff's] babysitter." *Jardines Ltd. P'ship v. Executive Homesearch Realty Serv., Inc.,* 178 F.R.D. 365, 367 (D.P.R.1998). It is the plaintiff's responsibility to develop and prosecute his own case. *See id.* Therefore, pursuant to this "court['s] . . . unquestionable authority to dismiss a case . . . for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," *Id.; see also Zavala Santiago v. González Rivera,* 553 F.2d 710 (1st Cir.1977), the Court **DISMISSES** the case **WITHOUT PREJUDICE.** This Court's docket is congested enough and there is no place for plaintiffs who sit back and waste the Court's valuable time.

The Court also bases its decision to dismiss upon Plaintiff's protracted delay in serving summons on Defendants. Indeed, the Court is unaware that Plaintiff ever attempted to serve summons on Defendants. "When the plaintiff has had an adequate opportunity to argue good cause for the failure to serve, such as in a motion for reconsideration, some circuits have held that a warning by the trial court prior to dismissal is not required. *See Ruiz Varela v. Sanchez Velez,* 814 F.2d 821, 823 (1st Cir.1987); *Whale v. United States,* 792 F.2d 951, 952 (9th Cir.1986)." *Smith–Bey v. Cripe,* 852 F.2d 592, 593 (D.C.Cir. 1988).

Local Rule 313.1(A) provides that a case is subject to dismissal if "[p]rocess has not been served upon the defendant within one hundred twenty (120) days after the filing of the complaint, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure." FED. R. CIV. P. 4(j), in turn, provides, "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

Accordingly, the district court's order of dismissal itself may be said to have given plaintiff notice of the issue and an opportunity to argue good cause for the failure of service. Therefore plaintiff was not prejudiced by the lack of notice prior to dismissal. *Id.; Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985). While we caution that the far better course is for the district court to provide notice of impending dismissal before actually ordering dismissal sua sponte—which is undoubtedly the procedure envisioned by Rule 4(j)—we do not find a violation of the Rule 4(j) notice requirement under the circumstances of this case.

*Ruiz Varela v. Sanchez Velez,* 814 F.2d 821, 823 (1st Cir.1987).

 The Court's Order to Show Cause placed Plaintiff on notice and he has failed to provide any reason for his failure to serve summons. Accordingly, the Court also dismisses this case due to a failure to prosecute based upon Local Rule 313.1(A) and FED. R. CIV. P. 4(m).[1] *See also* FED. R. CIV. P. 41(b).

**WHEREFORE,** the Court **DISMISSES** the case **WITHOUT PREJUDICE** due to Plaintiff's lack of prosecution based upon his extremely protracted inactivity and protracted delay in serving summons of process.

**IT IS SO ORDERED.**