Christian MIRANDA–LOPEZ Plaintiff,

v.

Jose FIGUEROA–SANCHA,
et al., Defendants.

Civil No. 11–1580 (GAG).

United States District Court,
D. Puerto Rico.

April 29, 2013.

Carlos E. Ruiz–Hernandez, Ruiz & Associates Law Office, Carolina, PR, Jaime L. Velasco–Bonilla, San Juan, PR, for Plaintiff.

### OPINION AND ORDER

GUSTAVO A. GELPÍ, District Judge.

Christian Miranda–Lopez ("Plaintiff") brought this claim against several defendants, including Jose Figueroa–Sancha, the former Superintendent of the Puerto Rico Police Department ("Defendants"). For the following reasons, the court **DISMISSES** this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### I. Timeline of Events

Plaintiff filed his complaint on June 20, 2011 against Defendants in their personal and official capacities. (Docket No. 1.) On June 21, 2011, the court dismissed official-capacity Defendants on Eleventh Amendment grounds. (See Docket No. 6.) On the same day, the court sanctioned counsel $100 for this inexcusable oversight, and Plaintiff timely deposited the funds on July 1, 2011. (Docket No. 7.)

The court required Plaintiff's attorneys, Carlos Ruiz–Hernandez ("Ruiz–Hernandez") and Jaime L. Velasco–Bonilla ("Ve-

lasco–Bonilla"), to provide an update on the case's status on October 18, 2011, and counsel timely replied. (*See* Docket Nos. 10–11.) Counsel claimed limited resources and a lack of personal information to serve process on putative defendants caused the delay. (*See* Docket No. 11.) On November 2, 2011, the court required counsel to provide an update by December 30, 2011, and noted that Plaintiff had failed to serve Defendant Figueroa–Sancha. (*See* Docket No. 12.) Counsel timely replied, requesting an extension of time to determine the identities and contact information of putative defendants and to file an amended complaint. (*See* Docket No. 13.) The court granted the request for additional time and required counsel to update the court by January 30, 2012. (*See* Docket No. 14.) Counsel timely replied, again requesting additional time to ascertain the addresses of putative defendants to properly serve them with process. (Docket No. 15.) The court granted the request. (*See* Docket No. 16.) On February 15, 2012, counsel timely requested yet another extension because "Plaintiff's investigation ha[d] shed light on the fact that there were other individuals1 [sic] present while Mr. Miranda was subjected to actions tantamount to civil rights violations."[1] (*See* Docket No. 17.) The court granted the request until March 2, 2012. (*See* Docket No. 18.) Counsel timely informed the court that they would file an amended complaint by March 5, 2012, the court noted the motion, and counsel filed Plaintiff's amended complaint on March 5, 2012. (*See* Docket Nos. 19–21.) Then, thirteen months of inactivity ensued.

On April 16, 2013, the court ordered counsel to "show cause on or before 4/19/13 as to why this nearly two-year old case should not be dismissed for lack of diligent prosecution. Nothing has happened in over a year. This case is still in a fetal stage." (Docket No. 22.) Counsel filed a tardy response on April 22, 2013, stating, "We tried to file the present motion through the electronic filing system on [April 19, 2013], but encountered technical difficulties that precluded said endeavor, therefore we are filing through hard copy." (Docket No. 23.) The docket entry states that Velasco–Bonilla filed the motion. (*Id.*) The motion included a ten-day time extension to comply. (*Id.*) On April 24, 2013, the court denied the motion and granted an extension to show cause until April 26, 2013. (*See* Docket No. 24.) On April 26, 2013, counsel filed an informative motion titled, "Motion to Inform and Certificate of Service." (Docket No. 25.) The motion states, in relevant part, "the electronic notification of [the motion referenced in Docket No. 23] sates [sic] that the undersigned[, Velasco–Bonilla,] filed the motion," but Velasco–Bonilla claims he "did not file the motion. Said motion was filed by attorney [Ruiz–Hernandez]," and that Ruiz–Hernandez "filed and manually signed the motion for [extension of time]." (Docket No. 25.) Importantly, neither of these motions instructs the court on the status of this case. Counsel have failed to comply with the court's directive to show cause.

## II. Federal Rule of Civil Procedure 41(b)[2]

The court dismisses this case for Plaintiff's failure to prosecute his claims. "If

---

1. Counsel probably intended for the purported typographical error to correspond with the footnote on the same page of the motion, which vaguely refers to "High ranking officers of the [Puerto Rico Police Department]." (Docket No. 17 at 1.)

2. Rule 41(b) presumes dismissal on the merits unless the court states otherwise. The court

the plaintiff fails to prosecute ... a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). District court judges inherently hold the authority to regulate their dockets and First Circuit precedent permits district court judges to rely upon Rule 41(b) when considering whether to involuntarily dismiss a case. *See Garcia–Perez v. Hosp. Metropolitano,* 597 F.3d 6, 7 (1st Cir.2010); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

■ A district court must balance its "venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits." *Malot v. Dorado Beach Cottages,* 478 F.3d 40, 43 (1st Cir.2007). Indeed, dismissal with prejudice is the most severe penalty. *See Benitez–Garcia v. Gonzalez–Vega,* 468 F.3d 1, 4 (1st Cir.2006). The court only involuntarily dismisses a case for egre-

gious conduct, as measured by "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions," as well as any other relevant factors. *Robson v. Hallenbeck,* 81 F.3d 1, 2–3 (1st Cir.1996). The court thus grapples with the *Robson* factors.

## A. *Severity of the Violation*

■ Counsel failed to timely serve process[3] and to act on their client's behalf for approximately 400 days. Counsel, quite simply, neglected to advocate for their client. Counsels' representation is not only ineffective, but nonexistent. The court finds this "extremely protracted inaction (measured in years)" violates Rule 41(b) and the district court's inherent power to regulate its docket.[4] *Cosme Nieves v.*

thus clarifies that this dismissal is not an adjudication on the merits. *See* FED.R.CIV.P. 41(b).

3. The court notes that counsel have also run afoul of Federal Rule of Civil Procedure 4(m). Rule 4(m) states:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m). Counsel filed Plaintiff's amended complaint on March 5, 2012. (Docket No. 21.) No defendant has been served, despite a previous admonishment by the court to do so in November 2011. (Docket No. 12.) The court would therefore dismiss this case for offense to Rule 4(m). *See Fabregas v. I.T.T. Intermedia,* 13 F.Supp.2d 225, 229 (D.P.R.1998) (involuntarily dismissing for failure to prosecute diligently when plaintiff offended Rule 4(m)). However, the Rule requires dismissal without prejudice.

Because the court dismisses this case with prejudice, it does not invoke Rule 4(m) to justify dismissal. Counsel should be made aware of AO Form 440: "Summons in a Civil Action." The clerk's office cannot issue a summons without the form.

4. *See Chamorro v. Puerto Rican Cars,* 304 F.3d 1, 6 (1st Cir.2002) ("The effective administration of justice requires that trial courts possess the capability to manage their own affairs."); *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 19 (1st Cir.1990) ("The court has no obligation to play nursemaid to indifferent parties."); *Sonera v. Mayor,* Civil No. 09–1005, 2011 U.S. Dist. LEXIS 73346, at *2 (D.P.R. July 7, 2011) (finding one year of inactivity, combined with other factors, sufficient to invoke Rule 41(b)); *Robledo–Rivera v. Cartagena,* 233 F.R.D. 236, 237–38 (D.P.R. 2005) ("It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure."); *Jardines Ltd. P'ship v. Exec. Homesearch Realty Serv., Inc.,* 178 F.R.D. 365 (D.P.R.1998) (holding courts have authority to "dismiss a case ... for want of prosecution in order to prevent undue delay

*Deshler,* 826 F.2d 1, 2 (1st Cir.1987). The court warned counsel on multiple occasions to update the court and serve process. (*See* Docket Nos. 10, 12, 14, 18, 22.) As previously discussed, counsel has still not complied with the most recent order to show cause. (*See* Docket Nos. 22–25.) Counsels' complete disregard for this case and failure to comply with the court's order constitute extremely severe indifference to their client's needs and the court's authority.

### B.  *Legitimacy of Excuses, Mitigation of Excuses, and Prejudice to the Other Side*

Counsel timely complied with the court's show-cause orders until the most recent order at Docket No. 22. Counsel not only tardily requested an extension of time to justify the failure to prosecute, but provided insufficient justification. Counsel supposedly encountered technical difficulties when attempting to timely file the motion in compliance, yet aptly conveyed the story of their plight three days late through the very same means that initially failed them. (Docket No. 23.)

### C.  *Repetition of Violations and Deliberate Misconduct*

Counsel has failed to move this case along despite repeated warnings from the court. (*See* Docket Nos. 10, 12, 14, 18, 22.) To their credit, until recently, counsel timely requested extensions of time, and nothing indicates that counsel deliberately withheld service of process.

### D.  *Adequacy of Lesser Sanctions*

The court could sanction counsel in several ways, including a warning, formal reprimand, a fine, imposition of costs or fees, in the disposition of pending cases, docket congestion and the possibility of harassment temporary suspension, and dismissal. The court already warned counsel to proceed with the litigation on multiple occasions. Fining counsel or imposing costs and fees seems counterproductive and insufficient. Defendants have not even been served, the court already fined counsel, and counsel claims they have limited resources. (Docket Nos. 7, 11.) Counsel have failed to understand how to abide by the basic rules of federal practice and procedure, and lesser warnings went unheeded.

### E.  *Other Relevant Factors*

■ Plaintiff ostensibly suffered greatly and may have an actionable Section 1983 claim. The amended complaint alleges extremely alarming incidents of police brutality. (Docket No. 21.) The court, however, cannot bear the burden of inattentive lawyering and notes that a client is bound by the mistakes of his chosen counsel. *See Hoult v. Hoult,* 57 F.3d 1, 5 n. 3 (1st Cir.1995) (citing cases). It bears noting that counsel have failed to adequately represent their client.

## III.  Conclusion

These factors militate heavily in favor of dismissal. Practice before a federal court is dynamic. Often times, cases are complex and move quickly. The District of Puerto Rico has one of the most congested criminal and civil dockets in the nation. Counsel practicing before the court are required to pass a federal bar examination to demonstrate knowledge of federal rules. The court simply cannot sit back and wait for counsel to proceed at their own convenience. This court has a record of expeditiously ruling on all matters before it. Counsels' slothfulness is inexcusable. For of defendant.'').

the aforementioned reasons, the court **DISMISSES** this case with prejudice pursuant to Rule 41(b).

**SO ORDERED.**